# Holland, *et al. v.* Coleman.

### *Bill to Quiet Title.*

(Decided June 8, 1909.   Rehearing denied June 30, 1909.
50 South. 128.)

*Quieting Title; Possession of Plaintiff.*—In a bill to quiet title under the statute the party complainant must be in peaceable possession either actual or constructive, as contradistinguished from scrambling or disputed possession, although the deed under which the adverse parties claim is invalid.

APPEAL from Limestone Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by Mattie B. Coleman against John P. Holland an other to quiet title. From a decree for complainants respondents appeal. Reversed and dismissed.

W. R. WALKER, for appellants. In order to maintain a bill filed under § 809 of the Code of Alabama, of 1896, § 5443 of the Code of 1907, to quiet title, the complainant must have an actual or constructive possession, which must be peaceable and undisputed as contradistinguished from a disputed or scrambling possession.— *Ladd v. Powell,* 144 Ala. 408; *Randle v. Daughrill,* 142 Ala. 490; *Brand v. U. S. Car. Co.,* 128 Ala. 579; *Adler v. Sullivan,* 115 Ala. 582; *Sou. Ry. Co. v. Hall,* 145 Ala. 224; *Chastang v. Chastang,* 141 Ala. 451; *Kyle v. Ala. State Land Co.,* Sou. 174; *Johnson v. Johnson,* 147 Ala. 543; *Lyon v. Arndt,* 142 Ala. 486; *Crabtree v. Ala. State Land Co.,* 46 Sou. 450; *Foy v. Barr,* 145 Ala. 244; *Morgan v. Leham, Durr & Co.,* 92 Ala. 440; *Geo. E. Wood Lbr. Co. v. Williams,* 47 So. 202; *Drum v. Bryan,* 40 So. 121; *Johnson v. Johnson,* 147 Ala. 543. A bill to remove a cloud from title cannot be maintained by a party not in possession.—*Drum v. Bryan,* 40 Sou. Rep.

[Holland, et al. v. Coleman.]

131; *Morgan v. Lehman, Durr & Co.,* 92 Ala. 440.   There can be no constructive possession of land where the party making the deed has no land to convey.—*Sou. Ry. Co. v. Hall,* 145 Ala. 224; *Smith v. Gordon,* 136 Ala. 495, 498; *Chastang v. Chastang,* 141 Ala. 451.   While payment of taxes on land may not of itself be evidence of possession, yet it may with other evidence tend to show both a claim of ownership and the extent of claimant's possession.—*Coleman v. First Nat'l Bank,* 115 Ala. 27, 314.   Where the husband has abandoned the wife, the wife has power to alienate her land without the joining of her husband therein.—Code § 4497; *High v. Whitfield,* 130 Ala. 44; *George Biles Sons v. Dreher,* 139 Ala. 384.   Only statutory relief, under § 5443-5449, Code of 1907, can be obtained.—*Fowler v. Alabama, Iron & Steel Co.,* 45 Sou. Rep. 645.

JAMES E. HORTON, and ERLE PETTUS, for appellee. When any person is in peaceable possession of lands, whether actual or constructive, claiming to own the same, and his title thereto, or to any part thereof, is denied or disputed, and no suit is pending, such person so in possession may bring and maintain a suit in equity to settle the title to such lands, and to clear up all doubts or disputes concerning the same.—Code (1896) sec. 809.   A court of equity has exclusive jurisdiction to set aside deeds, and other legal instruments, which are a cloud upon the title to real estate, and to order them to be delivered up and canceled.—*Luffboro v. Foster,* 92 Ala. 477; *Marston v. Rowe,* 39 Ala. 722; *Greene v. Boaz,* 47 South. 255; *Smith v. Pearson,* 24 Ala. 355; *Hodge v. McMahan,* 137 Ala. 174; 6 Cyc. 286; 2 Story Eq. Jur. (13th ed.) sec. 700, note.   A party who has a perfect title by prescription to land, a part of which is in the actual pos-

session of another, may come into equity to remove a cloud on his title, which is caused by the assertion of title on the part of the person thus in possession, and the registration of the sheriff's deed under which he claims.—*Marston v. Rowe*, 39 Ala. 722, (cited in *Echols v. Hubbard*, 90 Ala. 319; *Normant v. Eureka Company*, 98 Ala. 190; *Torrent Fire Engine Company v. City of Mobile*, 101 Ala. 563. Proper on a bill filed under code to quiet title, upon proper allegations to pray for relief besides statutory, as for cancellation of mortgage, and this amendment may filed after original bill filed.— *Long v. Mechem*, 142 Ala. 405; *Interstate Bldg. & Loan Ass'n v. Stocks*, 124 Ala. 111; *Cheney v. Nathan*, 110 Ala. 254; *Inge v. Demony*, 122 Ala. 171. Legal title gives the right and draws the possession.—*Woodstock Iron Co. v. Roberts*, 87 Ala. 441; *Powers v. Hatter*, 44 South. 859. Possession under color of title limited to description in and fixed by boundaries of color of title. —*Norment v. Eureka Co.*, 98 Ala. 189; *T. C. I. & R. Co. v. Lum*, 123 Ala. 136. Mere cutting of timber on land is not alone such evidence of ownership as to amount to a possession adverse to the true owner, and the additional circumstances that the claimant paid taxes on it and excluded trespassers, will not constitute actual possession.—1 Cyc. p. 990-991. If a person enters upon land and uses it thereafter as a wood-lot appurtenant to his farm, in the usual and ordinary way, and exercises such acts of ownership over it as are necessary to enjoy it, such acts have been held to amount to actual possession.—1 Cyc. 992. In order that an instrument may confer color of title it must describe the land.—1 Am. & Ency. of law, p. 858; *Reddick v. Long*, 124 Ala, 266. To constitute actual possession of land, it is only necessary to put it to such use by exercising such dominion or acts of ownership over it as in its present

[Holland, et al. v. Coleman.]

state it is reasonably adapted to.—*Brand v. U. S. Car Co.*, 128 Ala. 580, 30 South. 60. As against every person not claiming under a tenant in common, one tenant in common may sue for and recover in his own name the entire tract.—*LeCroix v. Malone*, 47 South. 725. A conveyance of land which is at the time of its execution in the adverse possession of a third person, exercising acts of ownership and claiming to be in rightful possession is void as to such person holding adversely.—*Bernstein v. Humes*, 60 Ala. 582, and the cases citing this case; *Sharp v. Robertson*, 76 Ala. 343. Defendant's placing notices on various parts of the land, forbidding trespassing, and employing an attorney to look after the land and prevent trespassing, are not sufficient acts to disturb the peaceableness of the constructive possession of the complainant.—*George E. Wood Lumber Co. v. Williams*, 47 South. 202; See *Brand v. U. S. Car Co.*, 128 Ala. 580; 30 South. 60. If a complainant has the legal title to lands that are wild, unimproved, and unoccupied, he may invoke the aid of a court of equity to remove a cloud from his title, although he has no other than the constructive possession resulting from legal ownership.—*Clay v. Hammond*, 199 Ill. 370; 93 Am. St. Rep. 146; note to *Helden v. Helden* (80 Maryland, 616) 45 Am. St. Rep. p. 377, citing as authorities; *Graham v. Florida, etc. Co.*, 33 Fla. 356; *Mathews v. Marks*, 44 Ark. 436; *Shirk v. Williamson*, 50 Ark. 562; *Thompson v. Woolf*, 8 Or. 455; *Gage v. Curtis*, 122 Ill. 520; *Glos v. Randolph*, 133 Ill. 197; *Wethcrell v. Eberle*, 123 Ill. 666; 5 Am. St. Rep. 574; *Johnson v. Huling*, 127 Ill. 14; *Lejeune v. Harmon*, 29 Neb. 268.

DENSON, J.—This bill was filed February 3, 1905, and its averments are sufficient to make a good bill under article 13, Code 1896 (sections 809-813), to compel

the determination of claims to land and to quiet title to the same.

The two sides trace title or claim to a common source —Mrs. Paulina Woodward. The complainant claims through a deed executed to her husband and herself by said Paulina Woodward on the 5th day of June, 1890, purporting to convey 120 acres of land, including the 40 acres involved in this litigation. Subsequent to the filing of this bill, complainant's husband, who was a party complainant, died testate, leaving his widow as the only devisee under his will. The respondents deny the alleged peaceable possession of the complainant of the N. E. 1-4 of the N. W. 1-4 of section 18, township 1, range 3 W., the land in dispute, and set up affirmatively that they, and those through whom they claim, were in the possession of the 40 acres at the time the bill was filed, and had been so in possession ever since May 4, 1890, at which time Paulina Woodward executed to Safronia E. Johnson a deed to the 120 acres described in complainant's deed.

It is shown in the answer that after the deed was executed to Mrs. Johnson she entered into possession of all of the land, and remained in possession, claiming the land as hers, until February 23, 1892, when she and her husband bargained and sold the 40 acres in question to one John T. Holland; that they made Holland a deed, but through mistake of the scrivener the land was not correctly described. In the answer it is alleged, however, that Holland entered into possession of the 40-acre tract purchased from the Johnsons and intended to be described in the deed—the tract here involved—and has remained in possession ever since, except that he sold a half interest therein to his father, E. H. Holland. The bill as amended seeks to avoid the deed to Johnson on the ground of mental incapacity on the part of Paulina

Woodward to make the deed and of undue influence exerted by Mrs. Johnson over the grantor in procuring its execution.

· The respondents, Holland, who were the only respondents to the original bill, disclaim interest in any of the land described in the Johnson deed, except the 40 acres here involved, and described as the N. E. 1-4 of the N. W. 1-4 of section 18, township 1, range 3 W. Nothing was said of the Johnson deed in the original bill. It was first brought in view by the answer to the original bill; and then complainant amended the bill by setting up and charging, amongst other matters, the invalidity of said deed, and making Mrs. Johnson a party respondent. The bill, as amended, prays that respondents' claim to the land be determined adversely to them, that the deed from Paulina Woodward to Mrs. Johnson be canceled and be removed as a cloud upon complainant's title, and that complainant's title be quieted.

The statutes under which the bill is filed were enacted December 10, 1892, and the decisions of this court, construing them, are numerous, and emphasize their requirement that the complaining party's possession must be a peaceable one, as contradistinguished from a disputed, contested, or scrambling possession.—*Wood Lumber Co. v. Williams,* 157 Ala. 73, 47 South. 202, and cases there cited and cases cited under section 5443, Code 1907. So it must be true that the present bill is without equity, unless the evidence reasonably satisfies the mind of the court that the complainant was not only in possession, either constructive or actual, of 40 acres involved, but that her possession was a peaceable one; · and this is so, notwithstanding that feature of the bill in respect to the execution of the deed from Paulina Woodward to Mrs. Johnson having been procured

through fraud.—*Morgan v. Lehman,* 92 Ala. 440, 9 South. 314.

The chancellor decreed against the respondents, and we here quote from his opinion found in the record the following: "The land is unimproved woodland, and none of the parties have ever been in actual possession. They prove possessory acts at various times, consisting of having timber cut, warning off trespassers, paying taxes, etc.; but, in the absence of actual possession, the payment of taxes and the occasional cutting of timber is insufficient to establish ownership, and in the absence of such possession the law fixes the constructive possession in him who has the title." And then the chancellor proceeds, in the opinion, to determine the validity of the deeds as determinative of the equity of the complainant under the bill as amended, strikes down the deed from Woodward to Johnson and that from Johnson to Holland, and finally decrees the invalidity of the respondents' claim to the lands. From the decree the respondents have appealed.

In *Crabtree v. Alabama State Land Co.,* 155 Ala. 513, 46 South. 450, touching a possession which will defeat a bill filed under the statute upon which the present bill is predicated, this court, through the present Chief Justice, said: "It is not necessary to show such character of adverse possession as would ripen into a title, but such possession as would amount to a disputed possession." By the light of this case, and that of its congeners, it clearly appears that, in his opinion, the chancellor lost sight of the principle that it is as indispensable to relief under the statute that a constructive possession be a peaceable one as that an actual possession be such. The testimony is voluminous, 720 of the 812 pages comprising the record being required for its setting out; but it has been carefully read and considered,

[State Land Co. v. Mitchell.]

and the conclusion of the court is that, even conceding that complainant has the superior legal title, drawing. to it the constructive possession, yet the testimony not only fails to show that that possession is peaceable but, to the contrary, affirmatively shows it is seriously disputed and contested. Therefore the chancellor erred in rendering the decree in favor of the complainant. He should have dismissed the bill, for the reason that complainant's possession was not shown to be peaceable, and notwithstanding it may be that the deed from Paulina Woodward to Mrs. Johnson is invalid. Perhaps the cases nearest in point, illustrative of the fact that complainant's possession is not shown to be peaceable, are *Lyon v. Arndt,* 142 Ala. 486, 38 South. 242, and *Randle v. Daughdrill,* 142 Ala. 490, 39 South. 162.

The decree of the chancellor will be reversed, and a decree will be here rendered dismissing the bill.

Reversed and rendered.

SIMPSON, ANDERSON, and MAYFIELD, JJ., concur.


