[Frazer v. Sellers.]

# Frazer *v.* Sellers.

## *Trover.*

(Decided Jan. 16, 1912.   7 South. 384.)

*Trover and Conversion; Acts Constituting; Demand and Re-fusal.*—The defendant in this suit had a mule delivered to him by the sheriff under a writ of seizure in detinue, and delivered the mule to a tenant stating at the time that it was involved in a law suit and might have to be re-delivered.   Later, the defendant here, plaintiff in the detinue suit, dismissed his detinue suit, but with-held possession of the mule from plaintiff in this case, for a consid-erable time.   Held, that the plaintiff's act in exercising dominion over the mule and hiring it to his tenant, constituted, as to the defendant in the detinue suit, a conversion authorizing a recovery in trover without proving a demand and refusal to deliver.

APPEAL from Bullock Circuit Court.

Heard before Hon. MIKE SOLLIE.

Trover by C. W. Sellers against S. T. Frazer for the conversion of a mule.   Judgment for plaintiff and de-fendant appeals.   Affirmed.

NORMAN & SON, and TOM S. FRAZER, for appellant. The defendant was entitled to the affirmative charge. —*Conner et al. v. Alllen et al.,* 33 Ala.   516; *Davis & Son v. Hurt,* 114 Ala. 150; *Johnson v. Wilson & Co.,* 137 Ala. 470; *Corbitt v. Reynolds,* 68 Ala. 379; *Heflin v. Slay,* 78 Ala. 183; *Bolling v. Kirby,* 90 Ala. 222.   On these authorities, a demand and refusal was necessary, and it was not shown.

ERNEST L. BLUE, and R. E. L. COPE, for appellee. No brief reached the Reporter.

PELHAM, J.—This appeal is prosecuted   from   a judgment denying appellant's motion for a new trial in a trover suit brought by appellee against appellant in

[Frazer v. Sellers.]

the circuit court of Bullock county, claiming damages
for the conversion of a mule, in which suit the appellee
as the plaintiff below recovered judgment against the
defendant, the appellant here.   The original case was
tried and judgment rendered against the defendant
at the spring term of the court of 1909, and the mo-
tion for a new trial was not heard and judgment en-
tered denying the motion until February 7, 1911; but
the bill of exceptions shows an agreement between the
parties that the motion was seasonably made and con-
tinued from term to term until the term at which it
was finally considered and acted upon.   The motion
was heard by another judge than the trial judge who
presided at the trial of the case, and the bill of excep-
tions shows that the motion was submitted on an agree-
ment between counsel and admissions made by them in
open court as to the proceedings had and what was
shown by the evidence on the original trial.   From
these agreements and admissions as set out in the bill
of exceptions, it appears that prior to the institution
of the trover suit the appellant had brought a detinue
suit against appellee for possession of the mule which
at that time was in appellee's possession.   The sheriff
under process issuing in the detinue suit seized the
mule, taking it from the possession of appellee.   Nei-
ther the plaintiff nor the defandant in the detinue
suit made bond to obtain or retain possession of the
mule, but the sheriff turned it in the appellant's lot, put
it in his custody and under his care and control.   The
appellant took possession of the mule, and two or three
days after it was turned over to him rented it to one
of his negro tenants and put it in the possession of the
tenant.   In "a short time after this" (as recited by the
bill of exceptions as the agreed evidence before the
court in the trial of the trover suit) the appellant dis-

[Frazer v. Sellers.]

missed the detinue suit, but did not return or offer to return the mule to the defendant in the detinue suit. From time to time the parties, through their attorneys, negotiated for the return of the animal, and a discussion was had by them, representing the parties, looking to bringing a friendly suit for the purpose of settling the question of legal ownership; but no action was taken, and, the appellant having failed to return the mule to the appellee for several months after the detinue suit had been dismissed, the appellee brought a suit in trover against the appellant for conversion of the animal. The plaintiff's complaint was in the statutory form and was tried on issue made by defendant filing a plea of the general issue; the trial resulting in a verdict and judgment for the appellee, the plaintiff in the trover suit. It is from an order denying defendant's motion for a new trial in that suit that this appeal is prosecuted by appellant.

The mule was taken from the possession of the appellee by the sheriff, acting under a writ of seizure issued in the detinue suit brought by appellant, and turned over to appellant, who took posesssion and disposed of the property by turning it over to his tenant. The tenant's possession of the property was the appellant's possession so far as the appellee's rights were concerned. It makes no difference that the appellant told the tenant, when turning the animal over to him, that it was involved in a lawsuit and was subject to redelivery to him (appellant) should he lose the case. The appellee was none the less deprived of the property to which he had the right of immediate possession upon dismissal of the detinue suit because appellant had disposed of the property in his possession to another conditionally, and as between himself and the appellee the appellant was responsible for the failure of the tenant

to return the property from whatever cause, as the tenant had received possession from the appellant who could not avoid his duty or escape his liability for fail-' ure to deliver the property to appellee by turning possession over to another, conditionally or otherwise. As to the appellee the conditions and arrangements between appellant and his tenant whereby the tenant was given possession of the mule are res inter alios acta. The act of the appellant in taking possession of the animal, exercising dominion over it, and appropriating it to his own use by hiring it to his tenant, was undoubtedly unauthorized and an assumption of ownership sufficient to constitute a conversion of the mule; and to withhold the possession thus acquired from appellee for a considerable length of time after dismissing the detinue suit, which in itself was an admission of appellee's right to possession, was a denial or defiance of appellee right to immediate possession that would be sufficient to support appellee's right to recover in trover, and there was, under such circumstances, no necessity for a demand and refusal to deliver.—*Glaze v. McMillian*, 7 Port. 279; *Haas v. Taylor*, 80 Ala. 459, 2 South. 633. Besides, the agreed statement of facts set out in the bill of exceptions shows negotiations between the parties through their attorneys after the detinue suit was dismissed during the course of which a demand was made for a return of the property and a refusal or failure to deliver after making repeated promises to do so.

Under the statement of agreed facts and admissions as set out in the bill of exceptions, the court below is not shown to be in error in refusing appellant's motion for a new trial, and the case will be affirmed.

Affirmed.