# Dennis *v.* McEntire Mercantile Co.

### *Bill to Quiet Title to Land.*

(Decided May 14, 1914.   65 South. 774.)

1. *Mortgages; Conveyance and Satisfaction of; Operation and Effect.*—A conveyance of land to the mortgagee in satisfaction of the mortgage debt in lieu of a formal foreclosure did not destroy the legal title vested in the mortgagee by the mortgage, and the default of the mortgagor, nor creates a new and independent title by way of substitution, but vested in the mortgagee the equity of redemption, thus uniting in him the title of the mortgagor and the mortgagee as in a purchaser at a foreclosure sale cutting off the rights of the subsequent mortgagee.

2. *Quieting Title; Right; Possession.*—The owner of the legal and equitable title to land could maintain a suit to clear his title under section 5443, Code 1907, although neither he nor the respondent had been in the actual possession thereof for approximately two years, though prior to that time, each had been in possession for a time.

APPEAL from Winston Circuit Court.

Heard before Hon. J. J. CURTIS.

Bill by D. R. Dennis against the McEntire Mercantile Company to quiet title to land. Decree for respondent and complainant appeals. Reversed and rendered

GUNN & POWELL, for appellant. The execution of the deed did not impair the legal or equitable rights of the mortgagee.—*Fouche v. Swain,* 80 Ala. 151; *Jones v. Davis,* 121 Ala. 315; *Threefoot Bros. v. Hillman,* 150 Ala. 256. Complainant was entitled to maintain the bill under § 5443, Code 1907.— § 2456, Code 1907; *Brand v. U. S. Car Co.,* 128 Ala. 583; *So. Ry. v. Hall,* 145 Ala. 226; *Wood L. Co. v. Williams,* 157 Ala. 73; *Jordan v. McClure L. Co.,* 170 Ala. 310.

F. E. ST. JOHN, for appellee. When a deed was taken in satisfaction of a mortgage there was a release of

the lien held under the mortgage, and appellant can only hold title under his deed, and the mortgage could not be looked to for any purpose.—*N. E. M. S. Co. v. Hirsh Bros.,* 96 Ala. 232. Under the facts, there was such a disputed possession, as would prevent complainant from maintaining his bill to quiet title to lands under the statute.—*Holland v. Coleman,* 162 Ala. 462; *Foy v. Barr,* 145 Ala. 244; *Ladd v. Powell,* 144 Ala. 408; *Lyon v. Arndt,* 142 Ala. 490; *Downs v. Bailey,* 135 Ala. 331. It is not necessary to show such character of adverse possession as would ripen into a title, but only such as would amount to a disputed possession. *Crabtree v. Ala. L. Co.,* 155 Ala. 513; *Randall v. Daughdrill,* 142 Ala. 490, and authorities supra.

SAYRE, J.—Complainant (appellant) filed this bill to clear up his title to a tract of land. Complainant and defendant claim through one Barron as a common source of title. Complainant's title is evidenced by a mortgage dated December 23, 1905, recorded February 6, 1906, and a deed from the mortgagor, Barron, executed and delivered December 3, 1907, recorded December 11, 1907. During the year 1908 complainant held undisputed actual possession through a tenant.

Defendant traces its title through a mortgage of May 5, 1906, recorded May 10th, and a foreclosure deed of December 24, 1908. Complainant's tenant having abandoned possession at the end of 1908, defendant, after its foreclosure, entered by its tenant and held possession during the year 1909. During the year 1910, and until this bill was filed, October 6, 1911, the land was unoccupied, nor had either party exercised visible acts of ownership over the property during this period. Each claims, however, to have paid taxes since the date of their respective deeds.

Defendant bases its denial of the validity of the prior title thus shown in complainant on the fact that when complainant took his deed he noted satisfaction of his mortgage upon the margin of the record. Complainant's agent having the matter in charge has also testified that he took the deed in satisfaction of the mortgage debt. Defendant relies upon the authority of *New England Mortgage Security Co. v. Hirsh Bros., 96 Ala. 232, 11 South. 63.*

In the case just referred to it was held that where a mortgagee, having notice of a later mortgage, gave a receipt for the mortgage debt, executed a release of his mortgage security, and took a new mortgage to secure a renewal and extension of the old debt, these facts established the priority of the intervening mortgage, in the absence of proof that the receipt and release were not intended to operate as a satisfaction of the old mortgage debt and a release of the lien of the old mortgage. In other words, the receipt and the release were given effect by way of establishing the priority of the intervening mortgage according to their prima facie import.

In the case before us the debt due complainant was satisfied by a deed taken in lieu of formal foreclosure, not otherwise. The deed operated as a satisfaction and extinguishment of the debt secured by the mortgage; but its effect upon complainant's interest in the land was, not to destroy the legal title vested in him by the mortgage and mortgagor's default, nor to create a new and independent title by way of substitution, but simply to vest in complainant the mortgagor's equity of redemption and strip the latter of all his remaining interest in the land, thus uniting in complainant the titles of mortgagor and mortgagee as in a stranger purchasing at a foreclosure sale.

Complainant's bill was dismissed by the decree of the court below on the ground that he had shown no more than a scrambling possession; whereas, the statute under which the bill was filed required that the complainant shall be in peaceable possession, whether actual or constructive.—Code, § 5443. At this point defendant relies on the decision in *Holland v. Coleman,* 162 Ala. 462, 50 South. 128. In that case complainant had not a clear legal title nor any title at all, unless and until a previous conveyance to defendant be admitted as having been procured through fraud. She had therefore no constructive possession.—*Smith v. Gordon,* 136 Ala. 495, 34 South. 838. And complainant in that case had only such actual possession as had been evidenced by "possessory acts at various times, consisting of having timber cut, warning off trespassers, paying taxes," etc. We infer from the report of the case that at various times defendant had exercised like acts of ownership. On these facts the court ruled that complainant was not entitled to maintain her bill under the statute because she was not in peaceable possession, actual or constructive.

Here we have a different case. Complainant, as we have seen, has a perfect legal and equitable title. The facts as to actual possession have been stated. Defendant's president and secretary testify in general terms that their corporation was in possession at the commencement of the suit. But the clear meaning of their testimony upon the whole appears to be that they considered their corporation to be then in possession because it had been paying taxes, and because in their judgment it had the legal title. In this they were in error. The evidence shows to our satisfaction that there had been no actual possession of any character for approximately two years before the filing of complainant's

bill. In this state of the case complainant should have had a decree.—*Southern Railway Co. v. Hall,* 145 Ala. 224, 41 South. 135.

The decree of the circuit court, sitting in equity, is reversed, and a decree will be here rendered declaring complainant's title, and that defendant has no right, title, or claim in or to the land described in the bill, nor any valid incumbrance on the same.

Reversed and rendered.

ANDERSON, C. J., and McCLELLAN and DE GRAFFEN-RIED, JJ., concur.