(104 So. 843)

## PARKER v. WHITE. (6 Div. 245.)

(Court of Appeals of Alabama. April 7, 1925. Rehearing Denied May 19, 1925. Affirmed on Mandate June 30, 1925.)

**1. Trover and conversion ⬅32(1)—Complaint held to state a cause of action.**

Complaint in action in trespass and trover for taking and conversion of plaintiff's automobile, seized under writ of detinue, *held* to state a substantial cause of action.

**2. Appeal and error ⬅695(2)—Refusal of general affirmative charge not reviewed, where bill does not purport to contain all evidence introduced.**

Action of trial court in refusing to give general affirmative charge in favor of defendant cannot be reviewed, where bill of exceptions does not purport to contain all evidence introduced.

**3. Costs ⬅110(4)—Refusal to require plaintiff removing to foreign state to give security for costs held error.**

Where plaintiff, since institution of suit, removed to foreign state and was living there at time of trial, under Code 1907, § 3690, overruling of defendant's motion to require plaintiff to give security for costs was error.

Appeal from Circuit Court, Cullman County; James E. Horton, Jr., Judge.

Action in trespass and trover by J. H. White against Harry Parker. Judgment for plaintiff, and defendant appeals. Reversed and remanded on original hearing, but affirmed on mandate of Supreme Court.

Certiorari granted by Supreme Court in Ex parte White, 213 Ala. 425, 104 So. 844.

Count 3 of the complaint is as follows:

"(3) Plaintiff claims of the defendant the like sum of $1,500, with interest thereon, damages in this: On, to wit, May 30, 1919, the defendant procured the clerk of this court to issue a writ of detinue in the case then filed by him against J. R. White and C. H. Pressley, which writ was directed to the sheriff of this county, and requiring said sheriff to take into his possession the property described in the complaint, to wit, one Cadillac motorcar, model 1914, motor No. 98801, which writ defendant caused or procured the sheriff to execute by taking into his possession said car, and plaintiff avers that said writ was wrongfully sued out and was wrongfully executed, in

that this defendant, who was the plaintiff in the other suit, had no title to or right to the possession of said car, which at the time belonged to and was the property of this plaintiff.

"And plaintiff further avers that said defendant took possession of said car after it was seized under said writ and held possession of same for several months, during which time he abused, misused, and damaged said car and deprived plaintiff of the use of said car, all to his damages aforesaid."

Defendant demurred to this count upon these grounds:

(1) Because there is nothing averred in said count which could not be given in evidence under counts 1 and 2 of the complaint.

(2) Because said count does not state a cause of action against the plaintiff.

(3) Because the action of the plaintiff, if any he has, is on the bond which the defendant gave to obtain said writ of detinue under which the said car was taken.

(4) Because the doing of a lawful act on the part of the defendant in taking out a writ of detinue for said car cannot be the basis of an action of damages against him.

(5) Because from all that appears in said complaint the said defendant legally and rightfully took possession and held possession of the said car.

(6) Because said complaint shows that the defendant legally took possession of said car.

(7) Because the damages claimed in said count do not appear to flow from any wrongful or illegal act of the defendant.

(8) Because the damages claimed in said count are speculative and remote.

(9) Because said count shows the car was not taken from the plaintiff.

(10) Because said count shows that the sheriff took said car.

W. E. James, of Cullman, for appellant.

Plaintiff should have been required to give security for costs. Code 1907, § 3690.

Sample & Kilpatrick, of Hartselle, for appellee.

Where brief does not comply with the rules, assignments of error will not be reviewed. Sup. Ct. Rules 10, 12, 175 Ala. xvii; E. Pratt Coal Co. v. Jones, 16 Ala. App. 130, 75 So. 722; Thos. Frazer L. Co. v. Henson, 4 Ala. App. 625, 58 So. 812. The action of the court in overruling motion to require security for costs by plaintiff was free from error. Davis v. Brandon, 200 Ala. 160, 75 So. 908; Penn. Cas. Co. v. Perdue, 164 Ala. 512, 51 So. 352; White v. Simpson, 124 Ala. 238, 27 So. 297.

RICE, J. This is a suit by appellee against appellant in trespass for the taking, and in trover for the conversion, of one Cadillac automobile. The first and second counts of the complaint state the Code form of actions for trover and trespass, respectively. The third count sets up facts which plaintiff alleges constitute a conversion by defendant of the automobile. The fourth count was eliminated on demurrer.

[1] The demurrers as to count 3 of plaintiff's complaint were properly overruled. A substantial cause of action was therein stated, and the demurrers assigned pointed out no defect existing. Frazer v. Sellers, 3 Ala. App. 286, 57 So. 384; Haas v. Taylor, 80 Ala. 459, 2 So. 633.

[2] The bill of exceptions does not purport to contain all the evidence introduced on the trial of the case, and for that reason we cannot review the action of the trial court in refusing to give the general affirmative charge in favor of the defendant (appellant). Wadsworth v. Williams, 101 Ala. 264, 13 So. 755; 1 Mich. Dig. p. 506, § 907. No ruling upon appellant's motion for a new trial is shown, and of course nothing is presented for review in this regard.

[3] It developed on the trial of the case that plaintiff had, since the institution of the suit removed to the state of Tennessee, and was living there at the time of the trial, as he had been for several months prior thereto. Motion was made by defendant to require plaintiff to give security for the costs, which motion was overruled by the court. This was error. Code 1907, § 3690; The Empire v. Ala. Coal Min. Co., 29 Ala. 698.

The argument that plaintiff was only shown to be temporarily residing out of the state we do not think sound, as it clearly appears from the record that plaintiff was not, at the time of the trial, a legal resident of the state of Alabama, in the sense contemplated by the statute.

A great many other errors are assigned, a number of which appear to have merit, but appellant's brief has not been prepared in accordance with the rules, and as it appears we must hold that the assignments other than those hereinabove treated have been waived.

For the error pointed out, let the judgment be reversed, and the cause remanded. The Empire v. Ala. Coal Min. Co., supra.

Reversed and remanded.

PER CURIAM. Affirmed on authority of Ex parte White, 213 Ala. 425, 104 So. 844.