**VIRGINIA CAROLINA CHEMICAL CORPO-
RATION et al. v. SATSUMA ORANGE &
PECAN GROVES CO. et al.**

1 Div. 769.

Supreme Court of Alabama.

May 11, 1933.

Rehearing Denied June 8, 1933.

Harry T. Smith & Caffey, of Mobile, for appellants.

Inge, Stallworth & Inge and Stevens, Mc-Corvey, McLeod, Goode & Turner, all of Mobile, for appellees.

**BROWN, Justice.**

This bill is by simple contract creditors against the debtor and its grantee to set aside, as void, under the provisions of section 8038 of the Code, a contract and conveyance of its property, alleged to have been made by the debtor and received by its grantee "for the purpose of hindering, delaying or defrauding" complainants in the collection of their debts.

The defendants' separate demurrers to the bill for want of equity, and on specific grounds that the averments of the bill were not sufficient to show that said contract and conveyance were made by said debtor with intent to hinder, delay, or defraud its creditors, and that the same was accepted by the grantee with like intent, were sustained; hence this appeal.

While the general rule is that a fraudulent intent on the part of the grantor is necessary to bring a conveyance within the terms of the statute, it is well settled that fraud may arise as an inference of law, and that, where a conveyance is made under such circumstances that the result must necessarily be to hinder and delay existing creditors, it will be presumed that such was the intent of the grantor in making it. Gazzam v. Poyntz, 4 Ala. 374, 37 Am. Dec. 745; Huggins v. Perrine, 30 Ala. 396, 68 Am. Dec. 131; Crawford v. Kirksey, 55 Ala. 282, 28 Am. Rep. 704; Reynolds v. Welch et al., 47 Ala. 200.

"The intent put into action, and which merely hinders or delays the creditor, is sufficient. It need not defraud him, nor deprive him wholly, or even partially, of his remedy for finally obtaining satisfaction of his debt or demand. The intent to defraud, however, must exist to render the transaction void; but this intent is sometimes a question of fact and sometimes a question of law. If the necessary consequence of a given act, on the part of a debtor, is to hinder, delay, or defraud his creditor, then the law conclusively presumes that it was committed with the intent to defraud, no matter

what was the motive that prompted the act." Skinner et al. v. Southern Grocery Co., 174 Ala. 359, 365, 56 So. 916, 918.

■ Circumstances of undue publicity and particularity, as well as secrecy in the reservation of benefits to the grantor, are regarded as indicia of fraud. Crawford v. Kirksey, supra.

■ The bill alleges the circumstances in detail under which the contract and conveyance were made, and the averments, when considered in connection with the provisions in the conveyance and contract reserving to the grantor benefits and limited control over the disposition of the property, were sufficient to sustain the general averment in the seventh paragraph of the bill, that "the said contract and conveyance were executed by the Satsuma Company and received by the said T. B. Daves for the purpose of hindering, delaying, or defrauding your orators in the collection of the debts which the Satsuma Company was then owing and still owes to your orators respectively," etc.

There is nothing in the averments of the bill to show that the conveyance was executed in satisfaction of the Bestor mortgage in lieu of foreclosure, and Dennis v. McEntire Mercantile Co., 187 Ala. 314, 65 So. 774, is inapposite.

■ The right of subrogation on the part of Daves to the Bestor mortgage lien is not presented, either by the averments of the bill or the demurrer. If such right exists, it may be asserted in a cross-bill.

The court erred in sustaining the demurrers, and the decree is reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.

## On Rehearing.

BROWN, Justice.

The appellees challenge the statement in the opinion that "*there is nothing in the averments of the bill* to show that the conveyance was executed in satisfaction of the Bestor mortgage in lieu of foreclosure, and Dennis v. McEntire Mercantile Co., 187 Ala. 314, 65 So. 774, is inapposite." (Italics supplied.)

The basis of this challenge is not found in *the averments of the bill*, but in certain recitals in the contract and conveyance attached to and made exhibits to the bill, through and under which Daves acquired title to all the property of the Satsuma Company.

The preliminary contract contained the provision that "the party of the second part agrees forthwith to purchase the indebtedness secured by the said mortgage or trust deed to the said Daniel P. Bestor, Jr., as trustee," and the deed of May 4, 1932, recites: "Whereas, promptly after the execution of said agreement, and pursuant to its terms, the party of the first part delivered all of said property to the party of the second part, who thereupon purchased and took over from the said Daniel P. Bestor, as trustee, the aforesaid mortgage, and the indebtedness secured thereby, and has proceeded with the fertilization and cultivation of the said orchard. * * * Now, therefore, in consideration of the premises and of the agreements and obligations of the party of the second part herein appearing, and of the sums advanced and to be advanced by the party of the second part in fertilizing and cultivating said orchards, and in payment of all sums so advanced and to be advanced, and also in payment of the entire indebtedness secured by the said mortgage, and subject to all of the terms, conditions, and provisions hereinafter written, and in lieu of a foreclosure of the said mortgage, either through the Chancery Court or under the power of sale therein appearing, the party of the first part does hereby grant, bargain, sell and convey to the party of the second part the following described real property, namely," etc.

The bill avers "that not only was it the purpose of both the said Satsuma Company and the said T. B. Daves, in the execution of said contract and conveyance, to hinder and delay the then existing creditors in the collection of their debts by the execution of said documents, but this purpose was clearly manifested by the provisions of said contract in the following manner: [Followed by a recital of the effect of the provisions of the contract and deed which fully appear in the statement of the case by the reporter.] And your orators, therefore, show unto the Court that by the terms of said contract, T. B. Daves was to purchase the mortgage and was then immediately thereafter to receive a conveyance of all of the Satsuma Company's properties, and that, as fully explained in said document, he was, in one contingency, hereinafter to be more fully explained, to retain all of said properties, and in another contingency, he was to retain an undivided one-third thereof and, in part consideration of these conditions, he was to accept said conveyance in full payment and settlement of the mortgage debt which he was to purchase and then after this debt had been thus paid and settled, he was to receive, out of the operations of the orchard, after the payment of all advancements which he had made and the payment of all taxes and secured creditors, and before the complainants and the other unsecured creditors had received anything, a sum of money equal to the amount which he had expended in the procurement of the mortgage. This sum of money which he was so to receive constituted a mere voluntary gift, as fully appears from the reci-

tation in said contract that the interest in the property itself, which he was to retain, was the only compensation which he should receive for his services and the mortgage which he purchased would have already been paid and satisfied. * * * Your orators further show unto the Court that it was the purpose and intent, both of the said Satsuma Company and of the said T. B. Daves, that there should be reserved to said T. B. Daves, who was thus to operate said orchards for the benefit of the Satsuma Company, the right to invest the proceeds of the operations in new property, that is to say, both in equipment and in any additional property of whatsoever kind he and the Satsuma Company might elect, all of which were to remain in his name, so that it could not be reached by the creditors until the end of the operations and one-third of which should be retained by the said T. B. Daves and two-thirds of which was to be delivered to the Satsuma Company after its creditors had been thus prevented from reaching the same by execution, from the time of its purchase until the time that said two-thirds thereof was delivered back to Satsuma Company, thereby enabling the Satsuma Company to own, control, and use, any additional properties that T. B. Daves might purchase with the proceeds of the operations in such manner that it could not be reached by the creditors until the end of the experiment which it desired to make, as to whether it could relieve itself of its difficulties by having T. B. Daves operate its properties for a year and a half, while the power of its creditors to subject said properties to the payment of its debts was thus held in abeyance."

■■ The applicable rule of pleading is that "an exhibit to a bill, as a part of it, that is not contradicted by the averments of the bill, serves to amplify the bill as if written in its body. Minter v. Bank, 23 Ala. 762, 58 Am. Dec. 315; Conoly v. Harrell, 182 Ala. 243, 62 So. 511; Hogan v. Scott, 186 Ala. 310, 317, 65 So. 209. In such bills as this it is preferable that the instrument upon which the court's powers are invoked should be either set out in the bill or appropriately exhibited therewith (2 Black on Rescission and Cancellation, § 670), the pleader exercising care to avoid, if he would, the implication or inference that matters of fact or circumstances implied, recited, or affirmed in the writing assailed are not accorded the effect of averments." Pool v. Menefee, 205 Ala. 531, 88 So. 654, 656.

■ The averments of the bill clearly contradict and avoid the recitals in the contract and deed that said deed was executed in lieu of foreclosure, and show that Daves was not in fact a bona fide mortgagee, but a volunteer, in a scheme to hinder and delay the creditors of the Satsuma Company.

■ It is further insisted that the bill does not aver that the value of the property exceeded the indebtedness secured by the Bestor mortgage, and, conceding that the bill shows fraud, it does not show that complainants were injured. It is sufficient answer to this insistence that the demurrer does not take this point. Moreover, if the transaction was affected with actual fraud, as the bill alleges, it is immaterial whether the mortgage debt equaled or exceeded the value of the property. One who voluntarily enmeshes himself in a deal affected with mala fides cannot assert that he has parted with full value in defense of his own wrong as against the right of existing creditors. Ruse v. Bromberg, 88 Ala. 619, 7 So. 384; Gordon, Rankin & Co. v. Tweedy, 71 Ala. 202, 213; Campbell v. Davis, 85 Ala. 56, 4 So. 140; Pritchett v. Jones, 87 Ala. 317, 6 So. 75; Nelson v. Boe, 226 Ala. 582, 148 So. 311.

In Dennis v. McEntire Mercantile Co., 187 Ala. 314, 316, 65 So. 774, there was no charge of fraud, and the sole question presented for decision was whether or not the acceptance by the mortgagee of a deed in satisfaction of the past-due first mortgage and the satisfaction of that mortgage of record established the priority of an intervening mortgage. It was held: "In the case before us the debt due complainant was satisfied by a deed taken in lieu of formal foreclosure, *not otherwise.* The deed operated as a satisfaction and extinguishment of the debt secured by the mortgage; but its effect upon complainant's (the first mortgagee's) interest in the land was, not to destroy the legal title vested in him by the mortgage and mortgagor's default, nor to create a new and independent title by way of substitution, but simply to vest in complainant the mortgagor's equity of redemption *and strip the latter of all his remaining interest* in the land, thus uniting in complainant the titles of mortgagor and mortgagee as in a stranger purchasing at a foreclosure sale." (Italics supplied.)

The doctrine of that case clearly has no application to a transaction made to hinder, delay, or defraud creditors.

The application is without merit, and is due to be overruled. It is so ordered.

Application overruled.