98 So.2d 17

Hoyt LEE et ux.

v.

FIRST NATIONAL BANK OF
ATTALLA et al.

7 Div. 330.

Supreme Court of Alabama.

Oct. 31, 1957.

McCord & Martin and Copeland & Copeland, Gadsden, for appellant.

Jas. F. Hinton, Gadsden, for appellee.

LIVINGSTON, Chief Justice.

This is an appeal from a decree overruling appellants' demurrer to appellee's amended cross bill.

An original bill was filed by appellants Lee and his wife against appellee bank, seeking to enjoin foreclosure of a mortgage on real and personal property, upon the ground that the mortgage debt had been fully paid. By amendment, Robert H. Foreman was added as a party respondent and prayer for an accounting was added. Demurrers by both respondents were overruled, and both respondents filed separate answers. The respondent bank filed a cross bill, which in final form alleged that the mortgage held by it was an "open-end" mortgage, that is, that it was not only given to secure a note of even date with the mortgage, but also to secure "any and all other indebtedness of mortgagor to mortgagee, * * * and also any renewal or extension of the note hereby secured." It alleged the execution by the mortgagor of two notes; one in January and the other in November of 1954, one of which constituted "a renewal of a part of the original note and additional cash advances made to the mortgagor prior to full payment of said original note." The cross bill prayed an ascertainment of the indebtedness due, for foreclosure in event the mortgagor failed to pay such amount within such reasonable time as the court might decree, and for a deficiency judgment should this be necessary

and proper. The mortgage in question was made an exhibit to the cross bill. This mortgage was by its terms made by Hoyt Lee, doing business as Boblee Lumber Company, but in which his wife joined. The cross bill alleges that the property mortgaged was wholly owned by Lee and that his wife joined in its execution solely to convey her dower interest, and that no personal decree is sought against the wife.

The interlocutory decree here under review is as follows:

"This cause was submitted at the present term on the demurrer of *defendant* to the *bill* as last amended on June 25, 1956 and on consideration it is adjudged, ordered and decreed that demurrer of *defendant* to said *bill* as last amended June 25, 1956 is not well taken and same is overruled; *defendant* is allowed 20 days in which to answer.

"This 30 day of July 1956"

(Italics supplied.)

Immediately following this decree in the record there is a "Notice of Appeal," reciting that:

"Comes now the *plaintiff and cross-defendant* and appeals to the Supreme Court of Alabama from the decree of the Court rendered on the 30th day of July 1956, overruling demurrers to *defendants and cross-plaintiff's cross bill of complaint.*" (Italics supplied.)

The two assignments of error are: (1) The trial court erred in overruling the demurrers of plaintiffs and cross-defendants to the cross bill of complaint as last amended; (2) The trial court erred in failing to sustain plaintiffs' and cross-defendants' demurrers to the cross bill of complaint as last amended.

While on the face of it, the decree is one favorable to appellants, overruling the demurrer filed by appellees to their original bill as amended, while the appeal is from a different and nonexistent decree,

we prefer to treat the decree (for the occasion) as one of inadvertent confusion of terminology. The reference to the amendment of June 25, 1956, could only apply to the amended cross bill filed on that date. In the cross bill, the defendant (or respondent) became the plaintiff (or complainant), and the original plaintiffs (or complainants) the defendants (or respondents) thereto. These considerations, in the light of the record as a whole and the certificate of appeal, clearly show the pleading actually dealt with by the trial court. We may here observe that appellees make no objection to the discrepancy, in fact, have filed no brief.

We have often held that a general assignment of error in the form of those here endorsed on the record is sufficient, but that only those grounds of the demurrer which are brought forth and sufficiently insisted upon in appellant's brief will be considered by this court on appeal. Hutto v. Copeland, 265 Ala. 482, 92 So.2d 30.

The only grounds of the demurrer insisted upon in appellants' brief are those, in effect, that the cross bill is inconsistent or contradictory in its allegations.

It is argued that since the mortgage as set out in the exhibit shows that it was not signed by the mortgagor and acknowledged before the notary named in the certificates, the allegation in the cross bill that it was executed and acknowledged is contradictory. Reliance is placed upon the principle that when averments of a bill are contradictory of exhibits thereto, recitals in the exhibits take precedence and control. Wright v. Saddler, 255 Ala. 101, 50 So.2d 235.

True, in the exhibit the signatures do not appear, the spaces or lines therefor being left blank. But this omission alone cannot be taken as an indication that the original mortgage was not signed. Certainly the allegation that the mortgage was duly signed and acknowledged is not a contradiction but an appropriate allegation of fact.

It is next contended that the cross bill is demurrable because it states matters which are inconsistent and not stated in the alternative, citing Gwin v. George, 252 Ala. 318, 40 So.2d 861. Specifically, it is stated that the cross bill in one place alleges that the original note of the mortgagors has been paid, whereas, in another place it alleges that it has not been paid. From the brief, it appears that the allegation, in effect, that one of the after executed notes constituted a renewal of the original note "prior to full payment of the original note," is the equivalent of an allegation that the note had been paid. Clearly, the language used is not subject to the interpretation contended for.

We have thus treated the only questions pressed upon us. Finding no error, the decree appealed from is due to be affirmed. So ordered.

Affirmed.

SIMPSON, GOODWYN and COLEMAN, JJ., concur.