106 So.2d 31

**Joe E. LACEY et al.**

v.

**James WILSON.**

**6 Div. 315.**

Supreme Court of Alabama.

Oct. 9, 1958.

Victor H. Smith, Birmingham, for appellants.

Hollis B. Parrish, Jr., Birmingham, for appellee.

**216**

LAWSON, Justice.

This appeal is from a decree overruling a demurrer to the bill as amended, which will be referred to hereafter simply as the bill.

The bill alleges that the complainant, James Wilson, was injured on June 8, 1955, when the motor vehicle he was operating was struck by a motor vehicle operated by the respondent, Joe E. Lacey, and that subsequently the complainant recovered a judgment against Joe E. Lacey in the sum of $8,500. The bill further alleges that at the time of the accident the respondent, Joe E. Lacey, was the owner of certain real property situate in Jefferson County which on June 23, 1955, he conveyed to the respondents Claudine Lacey Adams, J. E. Lacey, Jr., and Melanie Lacey Bonds. The conveyance of June 23, 1955, which was made an exhibit to the bill, recites a consideration of "One-Hundred Dollars ($100) to the undersigned grantors, J. E. Lacey and wife, Fannie M. Lacey, in hand paid by Claudine Lacey Adams, J. E. Lacey, Jr., and Melanie Lacey Bonds, the receipt whereof is acknowledged; and in further consideration of love and affection existing between parent and child; and in further consideration of the age of the parents, making it desirable to convey said real property while said parents are of sound mind * * *" But the bill contains the following averment:

"6-A. That the execution, delivery and acceptance of said deed by the said respondents, conveying said property as set out in Paragraph 5, above was without valuable consideration and that property was voluntarily conveyed by and to the respondents as set out in said Exhibit for the purpose of hindering and defrauding the complainant. That the stated consideration of $100.00 (One-Hundred) Dollars in said deed of conveyance is a fictitious, fraudulent consideration and that said conveyance was made without consideration."

The bill also averred in effect that the respondent Joe E. Lacey did not own any other property than that covered by the deed of June 23, 1955. The complainant prayed for a decree setting aside that deed.

■ Under our holding in Myers v. Redmill, 266 Ala. 270, 96 So.2d 450, the bill shows that the complainant was an existing creditor of the respondent, Joe E. Lacey, on June 23, 1955, irrespective of the fact that his judgment may not have been recovered on or prior to that date.

The averments of the bill clearly avoid the recitals in the deed to the effect that a part of the consideration was a valuable consideration, namely, the sum of $100. Virginia-Carolina Chemical Corp. v. Satsuma Orange & Pecan Groves Co., 227 Ala. 55, 148 So. 853. See Lee v. First Nat. Bank of Attalla, 266 Ala. 519, 98 So.2d 17.

The averments of the bill quoted above concerning the voluntary character of the conveyance sought to be set aside are unequivocal. The bill contains no qualifying statements, as did the bill held demurrable in Williams v. Pool, 234 Ala. 242, 174 So. 789.

Injury to the complainant is clearly shown by the averments of the bill.

■ We have frequently referred to the settled rule in Alabama that an existing creditor may have the chancery court set aside a deed as fraudulent when it is voluntary without an allegation that the debtor was insolvent or that the parties participated in an intent to defraud. Many authorities are cited in Birmingham Property Co. v. Jackson Securities & Investment Co., 226 Ala. 612, 148 So. 316; Kuykendall v. Terry, 227 Ala. 227, 149 So. 687. We have held to like effect in Waites v. First Nat. Bank of Wetumpka, 227 Ala. 684, 151 So. 847; Kratz v. Bonner, 228 Ala. 607, 155 So. 77; Drain v. F. S. Royster Guano Co., 231 Ala. 422, 165 So. 239; Bishop v. McPherson, 232 Ala. 594, 168 So. 675; Franklin v. Nunnelley, 242 Ala. 87, 5 So.2d 99.

The trial court did not err in overruling the respondents' demurrer to the bill of complaint, and the decree of the circuit court is affirmed.

Affirmed.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.