# Southern Railway Co. *v.* Hall.

## *Bill to Quiet Title.*

[Decided April 28, 1906, 41 So. Rep. 135.]

1. *Quieting Title; Pleadings; Bill.*—A bill to quiet title which alleges that the complainant is in the peaceable possession of the land and is the legal and equitable owner thereof; that the defendant claims some right, title, interest in or encumbrance on the land, and that no suit is pending to enforce or test the validity of such claim, is sufficient and not subject to demurrer.

[Southern Railway Co. v. Hall.]

2. *Same; Evidence; Sufficiency.*—In such a suit evidence that complainant is in the peacable possession possession of the land, and is the legal owner thereof, without more, is sufficient evidence of possession.

3. *Same; Payment of Taxes.*—In a suit to quiet title evidence of the payment of taxes on the land is not of itself evidence of possession, but is admissible, connected with proof of actual possession, to show the extent of such a possession.

4. *Taxation; Tax Deed; Sufficiency.*—A tax deed which fails to recite that the probate court rendered a decree for the sale of said land is void, in failing to comply with Sec. 4056, Code 1896.

5. *Quieting Title; Admissibility of Evidence; Possession by Company.*—Where these is no evidence of actual possession by the plaintiff of the land, a void tax deed is inadmissible for any purpose.

APPEAL from Marion Chancery Court.

Heard before Hon. W. H. SIMPSON.

Hall, claiming to own the mineral rights in certain lands described in his bill, filed the same to quiet his title thereto, alleging the necessary facts to bring the bill within the statute for quieting title.

Demurrers were interposed to the bill, but it is not necessary to here set them out. The facts sufficiently appear in the opinion of the court. From a decree granting relief to complainant the respondent corporation appeals, and assigns the final decree and the ruling on demurrer as error.

J. H. BANKHEAD, JR., for Appellant.—Peaceable possession, either actual or constructive is necessary to support the bill.—Sec. 809, Code 1896; *Galloway v. Hendon,* 131 Ala. 280.

There was no actual possession shown in this case.— *Jay v. Stein,* 49 Ala. 522; *Baucum v. George,* 65 Ala. 259; *Green v. Jordan,* 83 Ala. 244.

The payment of taxes on land is not of itself evidence of possession.—*Coleman v. First National Bank,* 115 Ala. 307.

No constructive possession is disclosed here.—*Smith v. Gordon,* 136 Ala. 498.

15

The tax title was void, and not good as color of title where possession is not shown to have been taken under it.—*Fleming v. McGee*, 81 Ala. 409; *Boykin v. Smith*, 65 Ala. 294; *McKinnon v. Mixon*, 128 Ala. 612; *Childress v. Galloway*, 76 Ala. 133; *Nat. Bank v. Baker Hill*, 108 Ala. 635; *Johnson v. Harper*, 107 Ala. 706.

A. F. FITE, for Appellant.—The bill was properly filed and the demurrer thereto was without merit.—*Adler v. Sullivan*, 115 Ala. 582; *Gulf C. & C. Co. v. Alabama, C. & C. Co.*, 40 South. 397.

The chancellor did not err in his decree.—*Brand v. U. S. Car Co.*, 128 Ala. 579.

HARALSON, J.—The bill was filed in this case, under section 809 of the Code. It alleged that complainant was in the peaceable possession of the land described, and was the legal and equitable owner thereof; that the defendant claims or is reputed to claim some right, title or interest or incumbrance on said lands, and that no suit is pending to enforce or test the validity of defendant's claim or interest in said lands, etc. The demurrer to it was without merit.—*Adler v. Sullivan*, 115 Ala. 582, 22 So. Rep. 87.

The defendant in answering, denies that complainant is in the peaceable possession of the land, and that he is the legal and equitable owner thereof. It also sets up its ownership of the land and the source of its title.

The word peaceable in connection with the word possession is used "as contradistinguished from disputed or contested possession, and that it should be under claim of ownership."—*Adler v. Sullivan*, 115 Ala. 587, 22 So. Rep. 87.

"Actual possession, or possession in fact, exists when the thing is in the immediate occupancy of the party, or his agent or tenant," synonymous with *pedis possessio.*—28 Am. & Eng. Ency. Law, (2nd Ed.) 238.

"Constructive possession, a possession in law, it is sometimes called, is that possession which the law annexes to the legal title or ownership of property, when there is a right to the immediate actual possession of such property, but no actual possession."—Ib. 239.

"When one has a legal estate in fee in land, he has the constructive possession, unless there is an actual possession in some one else." It is founded on the existence of title, in some form.—Ib.

"It is a legal impossibility for a constructive possession under the statute of uses to vest in one under a deed from another who had no legal estate to convey; the theory of the law being, that constructive possession accompanies the legal title."—*Smith v. Gordon*, 136 Ala. 498, 34 So. Rep. 838.

The complainant testified that he was in the peaceable possession, and was the owner of the land described in the bill. Without more, this was sufficient evidence of possession.—*Steed v. Knowles*, 97 Ala. 573, 12 So. Rep. 75. But when a witness swears to a fact, it may be shown on his cross-examination, that he was mistaken, or was stating a mere conclusion, without facts sufficient to base it on. On his cross-examination, the witness testified, "I have never exercised any acts of ownership of the lands in controversy, except to assess and pay the taxes on same. I never went on said lands to mine coal or other mineral. (He only claimed a mineral right in the land.) I have never been on said lands to prospect for minerals." The payment of taxes on land is not of itself evidence of possession, but in connection with evidence of actual possession, it is admissible to show the extent of such possession.—*Jay v. Stein*, 49 Ala. 514; *Green v. Gordon*, 83 Ala. 220, 3 So. Rep. 513.

Complainant also testified, that defendant has a claim to the lands, and he thought it had been assessing and paying taxes on them.

The complainant also introduced a deed from the auditor of the state to himself of date the 28th of December, 1895, conveying to him the land in question, sold by the state for delinquent taxes due on same. The deed failed to recitee that the probate court had ever rendered a decree for the sale of said lands as required by sction 4056 of th Code; and the proof showed that no such decree had in fact ever been rendered. Without this, no validity attached to said deed.—*McKinnon v. Mixon,*

128 Ala. 612, 29 So. Rep. 690; *Johnson v. Harper,* 107 Ala. 108, 18 So. Rep. 198.

The deed though void to convey the legal title, would have been competent evidence as color of title to mark the boundaries and extent of the purchaser's possession, if there had been any evidence that he entered and claimed under it, but there was no such evidence. Indeed, the evidence is, that he never did enter under it.—*Bank v. Baker-Hill Co.,* 108 Ala. 639, 19 So. Rep. 47. The deed was properly excluded.

It is sufficient to add, that the complainant has failed to present such a case as entitles him to the benefits of the statute,—has shown no possession, actual or constructive.

Reversed and remanded.

DOWDELL, ANDERSON and DENSON, JJ., concur.