# George E. Wood Lumber Co. *v.* Williams.

## *Bill to Quiet Title.*

(Decided June 3, 1908. Rehearing July 3, 1908. 47 South. 202.)

1. *Quieting Title; Possession and Ownership; Peaceable Possession.* —On a bill filed under section 809, Code 1896, to quiet title to land, if the complainant shows at the time of the filing of the bill that he was in the peaceable possession of the land, he makes out a prima facie case.

2. *Same: Constructive Possession.*—One having a legal estate in fee in land has the constructive possession required to maintain a bill to quiet title unless there is actual possession in someone else.

3. *Same; Peaceable Possession.*—The term, peaceable possession, is used in section 809, Code 1896, refers to the character of the possession and so long as the possession is so clear that no one is denying title to the actual or constructive possession, it is peaceable, although there may be a denial of the right of possession.

[George E. Wood Lumber Co. v. Williams.]

4. *Same; Evidence; Sufficiency.*—The facts in this case examined and stated and held insuffificient to destroy the peaceable character of complainant's possession.

5. *Taxation; Tax Sales; Lien; Enforcement; Effect.*—In a suit to quiet title to land a respondent cannot enforce the amounts paid on tax sale unless the lien of such payment has been established by suit in ejectment.

APPEAL from Geneva Chancery Court.

Heard before Hon. L. D. GARDNER.

Bill by George E. Wood Lumber Company against George W. Williams to quiet title to certain described lands. From a judgment for respondent complainants appeal. Reversed and rendered.

W. O. MULKEY, for appellant. One who has the legal estate in fee in land has the construstive possession unless there is actual possession in someone else.—145 Ala. 227. The sole question is whether defendant has any right in or title to the land, although ownership is averred to be in the complainant.—*Kendrick v. Colyer,* 143 Ala. 597. The title of the complainant is not the prime consideration but peaceable possession at the time the bill was filed makes out a prima facie case.—*Kinney v. Steiner Bros.,* 43 South. 25. The mere payment of taxes on land and an occasional trip over the land does not constitute possession in one claiming it.— 137 Ala. 278; 124 Ala. 260; 122 Ala. 367.

E. F. ELLSBERRY, for appellee. In order to maintain such a suit the complainant must have been in peaceable possession of the land at the time of the filing of the bill.—*Smith v. Gordon,* 136 Ala. 489; *Galloway v. Hendon,* 131 Ala. 284; *Brand v. U. S. Car Co.,* 128 Ala. 567; *Fleming v. Moore,* 128 Ala. 298. The facts in the case show that the complainant was not in peaceable possession.—*Inglish v. Freeman,* 137 Ala. 300; *Adler v. Sullivan,* 119 Ala. 582; *Reddick v. Long,* 124 Ala.

267 ; *Jackson Lbry. Co. v. McCreary,* 127 Ala. 279; *McKinnon v. Mixon,* 128 Ala. 652. The tax title in respondent was valid.—*Driggers v. Cassady,* 71 Ala. 534. It was at least color of title.—*National Bank v. Baker,* 108 Ala. 635; *Doe v. Clayton,* 81 Ala. 391.

SIMPSON, J.—The bill in this case was filed by the appellant against the appellee to quiet title under section 809 of the Code of 1896. The complainant introduced in evidence a deed from Cyrus D. Hogue, as auditor, etc., to J. T. and C. F. Morgan, conveying the land in question, and reciting a sale for taxes as the property of Thomas Morgan, the expiration of the time allowed for redemption, etc.; also a deed from C. F. and C. D. Morgan, Fannie Mann, Jennie Hewitt, and Horace Hewitt to Sandford Lumber Company; and also the proceedings in the probate court of Geneva county, by which the interests of Eula Morgan, William Henry Morgan, and the Sanford Lumber Company in said lands were sold for division, with an agreement of counsel that said Eula and William Henry Morgan were the heirs of J. T. Morgan, and that the land was purchased at said sale by the Sandford Lumber Company, followed by the deed of the commissioner appointed by the court conveying to said Sanford Lumber Company all the righht, title, and interest of Eula and William Henry Morgan in said lands, and an agreement of counsel that the complainant acquired all the right and title of the Sandford Lumber Company. The respondent showed the tax proceedings and a sale (subsequent to the auditor's deed) of the lands in question as the property of C. F. Morgan, followed by a deed to respondent. There was testimony on both sides purporting to show acts indicating possession by each party. The chancellor dismissed the bill, because the evidence, in his opin-

ion, does not show that the complainant was in the peaceable possession of the land at the time of the filing of the bill.

In order to sustain a bill under this statute it is necessary for the complainant to show "'peaceable possession" of the land at the time of the filing of the bill, and when he shows such peaceable possession he makes out a prima facie case.—*Adler v. Sullivan*, 115 Ala. 582, 586, 22 South. 87; *Kendrick v. Colyar*, 143 Ala. 597, 601, 42 South. 110; *Brand et al. v. U. S. Car. Co.*, 128 Ala. 579, 583, 30 South. 60. The appellant claims that, as both parties base their rights upon the ownership of the property by C. F. Morgan, thus making him the common source of title, the deed from C. F. Morgan to the Sandford Lumber Company vested the legal title, so far as this case is concerned, and that the legal title carried with it the constructive possession. The statute authorizes this proceeding by a party in possesion, "whether actual or contructive," and it is true that, "when one has a legal estate in fee in land, he has the constructive possession, unless there is an actual possession in some one else."—*Southern Ry. Co. v. Hall*, 145 Ala. 227, 41 South. 136.

But the statute requires that such possession shall be "peaceable." So the question arises, what is peaceable possession? It cannot mean that it is peaceable unless there be some legal proceeding in progress to test the title or right to the possession; for the object of the statute is to allow the party who is in possession, and who cannot force the adversary claimant to institute any proceeding, to bring said party into court in order to determine whether he has any just claim to the property. The word "peaceable," then, refers to the character of his possession. So long as his possession is so clear that no one is denying the fact of his actual or con-

structive possession, it is peaceable, although some other person may be denying his right to possession. Consequently the cases above cited, and others, have held that the possession must be peacable, as contradistinguished from a contested, disputed, or scrambling possession.  In a case in which the complainants showed that they were the heirs of one S., who had the title to certain wild lands, and consequently had the constructive possession, and the respondent showed testimony tending to prove that she had a tax deed for taxes delinquent by said S., that she had paid taxes, kept trespassers off, cut tan bark on the land, and posted notices warning people not to trespass, and objected to persons cutting crossties, on the land, this court said that these acts "were sufficient to show that complaints did not have the peaceable possession of the land."—*Randle et al. v. Daughdrill, et al.,* 142 Ala. 490, 492, 39 South. 162 typographical error corrected in the Southern Reporter).  See, also, *Lyon v. Arndt,* 142 Ala. 486, 38 South. 242.

It is difficult to lay down any definite rule as to what is a peaceable possession.  While, as before stated, it is not necessary that there should be any proceedings in progress to test the right of possession, yet, on the other hand, it would not do to state that the mere fact that another denied the right of possession would render the possession not peaceable.  The party denying the right of possession in the complainant must do something indicating that he claims to be in possession himself, thus opening the way for the party in possession to institute some proceeding against him and thus test their respective rights.  Thus, in the case just cited, the action of trespass, trespass after warning, or possibly injunctive relief, was open to the complainant.  This must be true, or the purpose of the statute would fail to the extent that

[George E. Wood Lumber Co. v. Williams.]

a party in possession, not being able to force the other party to litigate, and not being able to institute any proceedings himself, would be without remedy. The only facts in this case tending to show any contesting or disputing of the possession of the complainant are that in 1904 McGowan, as the agent of respondent, placed notices on various parts of the land, forbidding trespassing on the land, and that respondent had an attorney employed to look after the land and prevent trespassing. It is not shown where the notices were placed, to whom they referred, nor that the complainant ever saw them; and, of course, the employment of a lawyer, who did nothing to disturb the possession, could not mar the peacefulness of the possession.

The lease of turpentine privileges could have no bearing on the peaceableness of the possession of the land by the Sandford Lumber Company, to whose rights the complaint had succeeded, because Kelley did not profess to represent that company, but only the Morris Lumber Company, which held a conveyance of certain timber from the Sandford Lumber Company, to be removed within a certain time, and the Sandford Lumber Company refused to recognize the act of Kelley in taking said lease. It results that, the complainant having the constructive possession of the land, the acts of the respondent were not sufficient to disturb the peaceableness of that possession. So the complainant was entitled to relief, unless the respondent showed some title, claim, or incumbrance to said land. The evidence does not show a compliance with all of the requirements of the law in the tax sale, under which respondent purchased, and the other evidence does not show any right, title, or incumbrance in him.

The respondent's lien for amounts paid on tax sale cannot be enforced in this case, because this court has held that such lien "does not arise and it is not bestowed,

except at the end and as the result of a judgment in ejectment."—*Sheffield City Co. et al. v. Tradesmen's National Bank,* 131 Ala. 185, 32 South. 598; *Tradesman's National Bank v. Sheffield City Co.,* 137 Ala. 547, 34 South. 625.

The decree of the court is reversed, and a decree will be here rendered declaring the complainant entitled to relief, and that the respondent has no right, title, claim, or incumbrance in or to said land.

Reversed and rendered.

TYSON, C. J., and HARALSON and DENSON, JJ., concur.