# Franklin v. Snow, et al.

### Bill for Partition.

(Decided February 10, 1916.   71 South. 92.)

1. **Adverse Possession; Wild Lands; Evidence.**—Although acts of ownership upon wild lands held under color of title need not be frequent or extensive, yet the mere removal of saw logs and rails in the absence of a showing of frequency of removal or the time, is not sufficient to establish title by adverse possession, even when coupled with the evidence of two witnesses that so far as the witnesses knew, such adverse holder had sole possession.

2. **Same; Prescription.**—Title to wild lands by adverse possession for ten years under an agreement of the owner to convey to complainant, cannot be aided by prescription converting an equitable title into a legal title, as that

presumption arises only in support of peaceable possession under claim of title for twenty years. ·

3. **Partition; Pleading; Defense; Equitable Title.**—Where a deed, void as a conveyance, if valid as an agreement to convey, passed to the respondent, the exclusive equitable interest in the land, his failure in his answer to aver the equitable interest, and to ask for equitable relief, precludes consideration of his equitable title as a defense to the bill for the sale of the land for division, and distribution of the proceeds.

APPEAL from Walker Circuit Court.
Heard before Hon. J. J. CURTIS.

Bill by Henry C. Snow and others against Jack Franklin for a sale of land for division and distribution. Decree for complainant, and respondent appeals. Affirmed.

BANKHEAD & BANKHEAD, for appellant. DAVIS & FITE, for for appellees.

SOMERVILLE, J.—The bill is filed by certain heirs of Jane Franklin against her son, Jack Franklin, for a sale for distribution of a certain tract of land owned by her in her lifetime. The answer denies that complainants own any interest in the land, and avers that respondent owns "the entire interest" therein. The evidence shows that Jane Franklin owned the land by virtue of a government patent, and that, in consideration of Jack Franklin's advancement of $100, with which she procured the patent, she agreed to make him a deed to the land, which she did by a writing dated and delivered to him in December, 1886. This deed is signed by mark only, is without attestation, and the certificate of acknowledgment, though filled in by the notary, is not signed by him. It is conceded that this deed did not convey the legal title to the land. Respondent claims, however, that he has acquired the legal title by adverse possession, and also by prescription.

(1) It appears that the land is wooded, unfenced, and not improved for cultivation, and that no one has ever occupied it. Respondent says: "Since the execution of the deed I have had possession of the land. I have used timber off of the land, have used sawlogs off of it for the sawmill, have gotten rails off of the land, and have paid taxes continuously on it since the execution of the deed."

Two other witnesses say that, *as far as they know,* respondent had had possession of the land; but it does not appear that

[Franklin v. Snow, et al.]

they know. Although acts of ownership on wild land need not be so frequent or extensive, if done under color of title, as would be required without it, in order to amount to a disseisin of the true owner (*Woods v. Montevallo Co.*, 84 Ala. 560, 566, 3 South. 475, 5 Am. St. Rep. 393), yet the evidence quoted falls very far short of being sufficient in any case to show an adverse possession of this land by respondent continuously for 10 years. The only acts shown are the removal of sawlogs and rails; how many, or how frequently, or when, being left entirely to conjecture. The respondent says, it is true, that he has had possession of the land *since* the execution of the deed. But, aside from the ambiguity of this language, his specification of his acts of ownership limits and defines the scope of his general claim, and neutralizes its otherwise prima facie sufficiency.—*So. Ry. Co. v. Hall*, 145 Ala. 227, 41 South. 135.

(2) Nor can prescription aid respondent's title by the presumption that an equitable title has been converted into a legal title; for that presumption arises only in support of a peaceable posession under claim of title for 20 years.—*Woodstock Iron Co. v. Fullenwider*, 87 Ala. 584, 6 South. 197, 13 Am. St. Rep. 73; *Kelly v. Hancock*, 75 Ala. 229; 1 Greenl. Ev. (16th Ed.) 146, 147. The occasional removal of timber or rails is not sufficient for this purpose.—*Alexander v. Savage*, 90 Ala. 383, 8 South. 93.

(3) If it be conceded that Jane Franklin's deed to respondent, though void as a conveyance, was nevertheless a valid agreement to convey, and passed to him an exclusive equitable interest in the land, still, since the answer does not aver an equitable interest, and no right to relief under such a claim is asserted, it is not here available in bar of complainants' right to a sale for distribution.

"In the absence of any allegation in the pleadings specially referring to equities, or to an equitable title, it must be assumed that only the legal title is in issue, and that it, when established, must prevail."—30 Cyc. 245, 246; 16 Cyc. 403.

"If, on a bill for partition, the defendant wishes to avail himself of an equitable defense, as, for instance, a defense arising under a contract for purchase, he should, to entitle himself to his defense, file a cross-bill, or, under our system, set it up in his answer in the nature of a cross-bill, with a prayer for such relief as he may claim to be entitled to."—*Oliver v. Jernigan*, 46 Ala. 41, 44.

[Bower, Tax Collector v. American Lumber & Export Company.]

On the evidence before him, the chancellor did not err in granting the relief prayed for, and the decree will be affirmed. Affirmed.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.