(87 South. 592)

## In re ONE CHEVROLET AUTOMOBILE.

### SENIOR v. STATE.

### (7 Div. 95.)

(Supreme Court of Alabama. Feb. 10, 1921.)

1. Jury ⊙⇒19(15) — Claimant of automobile sought to be forfeited for transportation of liquors not entitled to jury trial.

Const. 1901, § 11, preserving the right of trial by jury, does not extend to causes unknown to the common law or to the statutory law as it existed at the time of the adoption of the Constitution; consequently, as Prohibition Act 1919, § 13, providing for forfeiture and condemnation of vehicles used in transportation of intoxicating liquors, prescribes a cause of action and a remedy not existing at the time of the adoption of the Constitution,

one claiming a vehicle sought to be forfeited is not entitled to jury trial.

**2. Intoxicating liquors ☞253—Finding will not be disturbed unless contrary to plain weight of evidence.**

In a proceeding to forfeit an automobile used for the illegal transportation of liquor, a finding by the trial court that claimant, the owner of the machine, knew of the illegal transportation will not be disturbed unless plainly contrary to the great weight of the evidence.

Appeal from Circuit Court, Talladega County; Hugh D. Merrill, Judge.

Action by the State of Alabama to condemn an automobile because used in transporting contraband liquors. W. G. Senior propounded claim to said automobile, and appeals from an order of condemnation. Affirmed.

Knox, Acker, Dixon & Sims, of Talladega, for appellant.

Counsel discuss the evidence and the sufficiency of the bill, but they cite no authority in support of their contentions.

J. Q. Smith, Atty. Gen., for the State.
No brief came to the Reporter.

ANDERSON, C. J. [1] Section 11 of the Constitution of 1901, preserving the right of trial by jury, does not extend to causes unknown to the common law or to the statutory law as it existed at the time of the adoption of the Constitution. This provision extends only to those cases in which the right existed at the time of the adoption of same. Costello v. Feagin, 162 Ala. 191, 50 South. 134; Taliaferro v. Lee, 97 Ala. 92, 13 South. 125; Boring v. Williams, 17 Ala. 510; Chambers v. Stringer, 62 Ala. 569; State v. Bley, 162 Ala. 243, 50 South. 263. Section 13 of the Prohibition Act of 1919 (Laws 1919, p. 13) creates a cause of action and prescribes a remedy for the enforcement of same not existing at the time of the adoption of the Constitution. It is different from the ordinary condemnation proceedings; that is, the taking of private property for public use. It can be more properly termed a statutory proceeding for the forfeiture and confiscation of property held in violation of law. Joyce on Intoxicating Liquors, §§ 490 and 500, and cases there cited. Hence the trial court did not err in refusing the claimant's demand for a jury.

[2] The fact that illegal liquor was being transported in the vehicle in question is not controverted, but the claimant contends that, notwithstanding the party who had it was sitting on the rear seat and he was upon the front seat, he knew nothing of said liquor being in said vehicle. The trial court saw and heard the witnesses, heard the evidence as to the quantity of liquor, the size of the vessels, the situation of the parties,

and what was said when the said liquor was discovered and seized by the sheriff, and it afforded a reasonable inference that the claimant knew of the presence of same and was either a party to the transportation or assented to same. The trial court saw and heard the witnesses, and, notwithstanding the trial was in equity, the conclusion reached is like unto the verdict of a jury, and will not be disturbed by this court unless plainly contrary to the great weight of the evidence. Ray v. Watkins, 203 Ala. 683, 85 South. 225, and cases there cited. We are not of the opinion that the conclusion reached by the trial court was contrary to the great weight of the evidence, and the decree must be affirmed.

Affirmed.

McCLELLAN, SOMERVILLE, and THOMAS, JJ., concur.