10 So.2d 458

### WEBB et al. v. GRIFFIN.
### 2 Div. 180.

Supreme Court of Alabama.

Nov. 19, 1942.

Arthur W. Stewart, of Marion, for appellants.

470

Frank Gordon, of Marion, for appellee.

LAWSON, Justice.

This was a statutory bill to quiet title filed by Calvin Griffin under Section 9905, Code of 1923 (Code of 1940, Tit. 7, § 1109), against Mrs. Mary E. Webb, individually, and C. A. Webb, Jr., and J. C. Webb, as Trustees. From a decree for complainant, respondents appeal.

The bill alleges that complainant is the owner and in peaceable possession of the property described in the bill; that the respondents claim or are reputed to claim some right, title, or interest in or encumbrance upon such lands; that no suit is pending to test the validity of such title, claim or encumbrance of the said defendants; and the respondents are called upon to set forth and specify their title, claim, interest or encumbrance and how and by what instrument the same is derived and created, so that such title, claim, interest or encumbrance may be adjudicated by the court.

The respondents answered, denying complainant's title and peaceable possession, avowed title in respondent Mary E. Webb, as sole devisee under the will of J. Marvin Moore, who, it is alleged, bought the said lands at a tax sale on the 6th day of July, 1932; and alleged that the respondent Mary E. Webb, and the said J. Marvin Moore, under whom she claims, had been in the actual, peaceable possession of said lands, assessing and paying the taxes thereon since the date on which the lands were purchased by the said J. Marvin Moore at tax sale; and alleged that the complainant had not been in possession of said lands since 1928.

The evidence was given orally before the trial judge, who decreed: (1) That the complainant is the owner of a life estate and is in the peaceable possession of the lands here involved; (2) that the respondents have no valid or enforceable claim, title, interest or encumbrance as to or against said lands; (3) that the register mark on the margin of the Deed Record wherein the tax deed to Moore is recorded the following: "This deed cancelled by

decree of Circuit Court, In Equity, of Perry County, Alabama, dated January 7, 1942. Theo Hurt, Register."

■ The appellants in their brief do not insist that the trial court erred in declaring the tax deed invalid. It might be well to state, however, that the conclusion of the trial court in this regard is in accord with the decisions of this court to the effect that land cannot be assessed for taxation as property of a deceased owner or of his estate, and sale founded on such an assessment is a nullity. Henderson et al. v. Simmons, 234 Ala. 329, 174 So. 491; Scott v. Brown, 106 Ala. 604, 17 So. 731; Jackson v. King, 82 Ala. 432, 3 So. 232.

It is the contention of the appellants, here, that the trial court erred to a reversal in holding that the complainant was in the peaceable possession of the lands here involved within the meaning of our statute.

■ The principle is well established by the decisions of this court that under the statute authorizing a bill in equity to quiet the title to land, the complainant must have the quiet and peaceable possession, actual or constructive, as distinguished from a contested, scrambling or disputed possession. Randle v. Daughdrill, 142 Ala. 490, 39 So. 162; Wood Lumber Co. v. Williams, 157 Ala. 73, 47 So. 202; Ladd v. Powell, 144 Ala. 408, 39 So. 46; Vandegrift et al. v. Southern Mineral Land Co., 166 Ala. 312, 51 So. 983; Holland v. Coleman, 162 Ala. 462, 50 So. 128; Dawsey et al. v. Walden, ante, p. 93, 8 So.2d 417.

■ As to what constitutes peaceable possession under the statute must be left for determination on the facts of each particular case. Wood Lumber Co. v. Williams, supra.

The lands here involved consist of 109 acres located in Perry County. The complainant, a colored man 77 years of age at the time of the trial, purchased 107 acres of the land in 1902 from A. C. Howze and others. The other two acres, upon which the house is located, were purchased by complainant's wife, Anna Griffin, in 1919. The complainant and his wife lived on this land for many years, complainant residing thereon at the time of the filing of this suit. In 1926, complainant and his wife Anna conveyed the entire 109 acres to their nine children, reserving a life estate in themselves or the survivor of them. Anna Griffin died in 1927.

On July 6, 1932, the property was sold at a tax sale at which time it was purchased by J. Marvin Moore, who received a certificate of purchase as of that date, which fact was known to complainant. Thereafter, on November 21, 1934, a tax deed to the property was delivered to him. He paid the taxes thereon until the time of his death in 1936. Moore left a will wherein he named the respondent, Mrs. Mary E. Webb, his sister, as his sole devisee. The respondents C. A. Webb, Jr., and J. C. Webb, sons of Mary E. Webb, were the administrators with the will annexed of the estate of Moore and paid the taxes on the property until the estate was settled in 1938. Since that time they have paid the taxes as agents and trustees for their mother.

■ The mere fact that the complainant knew that the respondents claimed title to the property under a tax deed does not destroy his right to maintain the action. A denial of his right to possession does not create a scrambling possession. The party denying the right of possession in the complainant must do something indicating that he claims to be in possession himself. Wood Lumber Co. v. Williams, supra; Montgomery v. Spears, 218 Ala. 160, 117 So. 753. Nor does the fact that Moore and the respondents have paid the taxes on the property since it was sold at tax sale show such possession in respondents as to deprive the complainant of "peaceable possession" within the contemplation of our statute. This court has heretofore held that the payment of taxes on land is not of itself evidence of possession, but in connection with evidence of actual possession, it is admissible to show the extent of possession. Montgomery v. Spears, supra; Southern R. Co. v. Hall, 145 Ala. 224, 41 So. 135; Jay v. Stein, 49 Ala. 514.

Respondents did not contend that the appellee was not living on the property at the time that the suit was brought. In fact, they admit that he had been residing thereon since 1933 and that they had never demanded that he pay rent or leave the premises. It is their contention, however, that the evidence shows that the appellee was living with his son, Horace, who they contend was in possession of the property as their tenant.

The complainant, as we understand his testimony, maintained that he had resided

on the property continuously since 1902 with the exception of four or five years spent in Florida prior to the time of the death of his wife.

There is no evidence pointing to any possessory act on the part of the respondents, except as it relates to Horace Griffin, who they contend was their tenant and in possession of the property. The evidence as to the relation of Horace Griffin to the complainant and the respondents is in sharp conflict. As before stated, the trial court saw and heard the witnesses and, notwithstanding the trial was in equity, the conclusion reached is like unto the verdict of a jury, and will not be disturbed by this court unless plainly contrary to the great weight of the evidence. Ray v. Watkins, 203 Ala. 683, 85 So. 25; Senior v. State, 205 Ala. 337, 87 So. 592; Berry et al. v. Howell et al., 242 Ala. 138, 5 So.2d 405.

We cannot say that the conclusion reached by the trial court that Horace Griffin was the tenant of the complainant, that his possession was the possession of complainant, and that complainant was in peaceable possession of the property, is plainly contrary to the great weight of the evidence. There is ample evidence to support the conclusion that Horace Griffin was merely indebted to respondents for loans made to him.

To set forth the evidence in detail would but encumber the opinion. Suffice it to say, we have carefully examined every item of evidence, and are to the conclusion that the complainant has sustained the burden of proof put upon him by the pleadings.

The conclusion reached by the trial court is in accord with the decision of this court in the case of Butler v. Thweatt, 119 Ala. 325, 24 So. 545, wherein facts very similar to those here presented were held to authorize complainant to proceed in equity under a statutory bill to quiet title.

We have considered the questions argued in brief by appellant and rest our decision upon the meritorious matters presented, omitting any consideration of argument as to the insufficiency of their presentation.

We find no reversible error in the decree and it is affirmed.

Affirmed.

GARDNER, C. J., and BOULDIN and FOSTER, JJ., concur.