249 So.2d 836

**MID-STATE HOMES, INC., a Corp.**

v.

**Nellie Morgan KING et al.**

**8 Div. 398.**

Supreme Court of Alabama.

June 30, 1971.

R. A. Norred, Birmingham, for appellant.

John D. Clement, Jr., Tuscumbia, for appellee Nellie Morgan King.

PER CURIAM.

Appellant filed its original bill of complaint in the Circuit Court of Colbert County, in Equity, against appellees to quiet title to a certain lot of land in Colbert County, and to require respondents to set forth and specify their title, claim, interest in or incumbrance upon said land. After some preliminary pleadings, not involved in this appeal, the respondents filed their answers which create issues of fact as to the ownership of the lot in question, namely, Lot Number 104, Mathews Subdivision of Lots 568, 609, and 648, etc. We hereafter refer to the involved real estate as Lot Number 104. The suit is authorized by §§ 1109, 1110, and 1111, Title 7, Recompiled Code of 1958.

The trial court in its final decree adjudged ownership of the lot to be in Mrs. Nellie Morgan King, one of the respondents. This appeal is from the final decree. There are no cross-appeals by any of the parties respondent.

A considerable amount of evidence was taken by deposition and considered by the trial court. Some of the evidence was ore tenus. Mrs. Nellie Morgan King and her son both testified orally before the trial court.

It appears from the uncontroverted evidence that Bill King, son of Mrs. Nellie Morgan King, and his wife entered into a contractual arrangement with Jim Walter Corporation whereby the latter was to build a house or residence on Lot 104. The terms for payment were on credit.

To secure the debt incident to building the home for Bill King, the said Bill King and his wife executed a mortgage on Lot 104, supra. The note for the debt and the mortgage securing the note were both transferred and assigned by Jim Walter Corporation to appellant. After default, the mortgage was foreclosed and appellant purchased the said Lot 104 and improvements thereon. After foreclosure and transfer, appellant filed its bill to quiet title.

The trial court, after some delay and resubmission of the case, entered a final decree. The record does not show the cause of the delay, but the delay does not affect the decree that was rendered. The record does not indicate that the delay resulted in prejudice to appellant.

The final decree holds and adjudges that Lot 104, supra, is owned by respondent Nellie Morgan King, in fee simple, and that neither the complainant nor respondents Richard Hayes or Alberta Hayes, have any right, title or interest in, or lien or incumbrance of any kind against said lot or any part thereof.

There is no specific finding of fact in the decree. It is silent as to whether Mrs. Nellie King conveyed the lot to her son, Bill King.

There was also a factual issue as to Mrs. Nellie King's marital status on June 12, 1964, the date of the alleged conveyance. There was some testimony which indicates that Mrs. Nellie Morgan King became the common-law wife of Mr. King with whom she was living. Mr. King did not join in the execution of the alleged deed to the lot.

The trial court could have been satisfied from the evidence that Mrs. Nellie King did not execute the deed purporting to convey the lot to her son. Also the court could have determined from the evidence that Mrs. King was the common-law wife of Ervin King and that he had not abandoned her. There was no contention that Mr. Ervin King was a non compos mentis, was a non-resident of the State of Alabama, or was imprisoned under a conviction for a crime for a period of two years or more. See § 73, Title 34, Recom-

# 182

piled Code of 1958, which prescribes the power of the wife to alienate or mortgage her real estate. Inasmuch as the trial court decreed title to the lot in Mrs. King, it predicated the relief on the evidence that she did not sign the deed, or that she was lawfully married to Mr. King who had not abandoned her. Having failed to join in the conveyance, it was void. Either facet of the evidence would support the decree.

Suffice it to say that there was in evidence some specimen signatures of Mrs. Nellie Morgan King which the trial court could compare with the alleged signature of Mrs. King on the purported deed to her son. There was no expert testimony as to the validity of the signature on the deed. This court is in no better position to adjudge such validity than the trial court. Mrs. King testified orally before the court that she did not sign the deed. Her son, the alleged grantee in the deed, testified orally before the court that he never did get a deed from his mother. We cannot tell from the record which facet of the evidence impressed the trial court as true and was the foundation of its decree.

Where the cause, as here, was heard ore tenus, the trial court's decree will be upheld on appeal unless it is palpably erroneous or manifestly unjust. Belcher v. Belcher, 284 Ala. 254, 224 So.2d 613; Crew v. W. T. Smith Lumber Company, 268 Ala. 628, 109 So.2d 721; Jones v. Wise, 282 Ala. 707, 213 So.2d 914. We cannot say that the decree of the trial court was either plainly erroneous or manifestly unjust.

The decree is affirmed.

The foregoing opinion was prepared by Bowen W. Simmons, Supernumerary Circuit Judge, and was adopted by the Court as its opinion.

Affirmed.

SIMPSON, COLEMAN, BLOODWORTH, MADDOX, and McCALL, JJ., concur.