WALTER J. ROTHSCHILD, Judge.
 

 | ¡Appellants seek review of a ruling of the trial court sustaining appellee’s exception of res judicata and dismissing their suit with prejudice. For the reasons stated herein, we reverse the trial court judgment.
 

 In 1997, a class action was invoked in the 24th Judicial District Court against Lincoln National Corporation and Lincoln National Life Insurance Company alleging that defendants engaged in misleading and improper life insurance sales and administrative practices. Plaintiffs asserted several different causes of action, including fraud, unfair or deceptive acts, breach of duty of good faith and fair dealing, negligent misrepresentation and omissions, breach of contract and breach of fiduciary duty. Alan Raven and Lenore S. Raven, appellants herein, were members of the plaintiff class. In 2000, the parties to this litigation entered into a settlement agreement. On IsMay 17, 2001, the trial court approved the settlement and dismissed the action, including all individual and class claims in a Final Order and Judgment.
 
 Richard, H. Blanke, et al. v. Lincoln National Corporation Security-Cennecticut Life Insurance Company, Lincoln National Life Insurance Company, and Wayne E. Wolfe,
 
 Case No. 512,048. The court also entered a permanent injunction barring class members from advancing allegations which were settled in this action.
 

 In 2007, Aan B. Raven and Lenore S. Raven, residents of Florida at that time, filed a complaint against Lincoln National Life Insurance Company in Miami-Dade County, Florida. On motion of defendants, the suit was subsequently removed to the United States District Court for the Southern District of Florida on the basis of diversity jurisdiction where the complaint was amended by plaintiffs. In this action, plaintiffs asserted claims against the Lincoln for declaratory judgment, breach of contract, bad faith dealing, misrepresentation, negligence, unjust enrichment and violation of unfair trade practices statute. On February 28, 2008, the federal district court entered an order staying the action “until such time as the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, determines whether claims raised by plaintiffs in their amended complaint are barred in whole or in part by the Class Action Settlement and the Release and Waiver as set forth in the Final Order and Judgment entered by the aforementioned Court in the case of
 
 Blanke v. Lincoln National Corp, No.
 
 0512048 (La. 24th Jud. Dist.Ct.2001).”
 

 On July 31, 2009, the Estate of Aan B. Raven and Lenore S. Raven, filed a pleading in the 24th Judicial District Court entitled, Petition for Declaratory Judgment that Final Order and Judgment entered on May 17, ] 42001 does not Bar New Cause of Action filed Subsequent Thereto. In this pleading, plaintiffs allege that the issues raised in the federal complaint in Florida are outside the scope of the 2001 Final Judgment and Permanent Injunction issued by the Louisiana state court. Plaintiffs allege that the Louisiana class action related to misrepresentations made by Lincoln in selling “vanishing premium” life insurance policies and other misleading administrative policies. Plaintiffs allege that the Florida case is based upon new allegations that Lincoln failed to effectuate the policy waiver of premiums based on disability and wrongfully caused the policy to lapse. Plaintiffs further contend this cause of action against defendant arose
 
 after
 
 the judgment rendered on May 17, 2001 in Louisiana.
 

 
 *150
 
 Lincoln responded to this pleading with a Peremptory Exception of Res Judicata, alleging that plaintiffs’ action is barred by the Final Order in the class action, which permanently enjoined class members from bringing any claim related to the class action. Defendant contends that plaintiffs’ claims are based on vanishing-premium allegations, allegations concerning the rollover of an existing policy into a new policy, and allegations regarding the cash surrender value of a policy, and that these claims are related to the matters covered by the Louisiana court’s Final Order.
 

 Following a hearing on this exception, the trial court entered judgment on November 24, 2009 sustaining defendant’s exception of res judicata. Additionally, the trial court issued written reasons for judgment on January 8, 2010 stating that plaintiffs’ suit was dismissed with prejudice. Plaintiffs now devolutively appeal from both of these judgments.
 

 UBy this appeal, plaintiffs argue that the trial court erred in sustaining the exception of res judicata. After review of the record and exhibits in this matter, we agree.
 

 Res judicata bars relitigation of a subject matter arising from the same transaction or occurrence of a previous suit. LSA-R.S. 13:4231. It promotes judicial efficiency and final resolution of disputes.
 
 Terrebonne Fuel & Lube, Inc. v. Placid Refining Co.,
 
 95-0654, 95-0671, pp. 11-12 (La.1/16/96); 666 So.2d 624, 631.
 

 LSA-R.S. 13:4231, as amended in 1990, provides:
 

 Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
 

 (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
 

 (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
 

 (3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
 

 Based on the language of the above statute, the Louisiana Supreme Court has established the following five elements that must be satisfied for a finding that a second action is precluded by res judicata: “(1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the | ^subject matter of the first litigation.”
 
 Chevron U.S.A., Inc. v. State,
 
 07-2469 (La.9/8/08), 993 So.2d 187, 194. The chief inquiry is whether the second action asserts a cause of action which arises out of the transaction or occurrence that was the subject matter of the first action.
 
 Id.
 

 In the present case, there is no dispute that the first three elements have been met. However, the parties dispute the applicability of the last two elements and whether the claims asserted in the Florida court existed at the time of the Final Order in the Louisiana case and whether the facts asserted in the Florida case arise
 
 *151
 
 out of the transaction or occurrence that was the subject matter of the first litigation.
 

 Although the original class action petition is not contained in the record before us, defendant submitted the Final Order and Judgment issued in that litigation on May 17, 2001. In that judgment, the court stated that plaintiffs’ petition contends that Lincoln Life engaged in misleading and improper life insurance sales and administrative practices in several enumerated respects. The judgment further stated that plaintiffs expressly agree to a Release and Waiver, which provided in part as follows:
 

 Plaintiff and each Class Member hereby expressly agree that they, and each of them, shall release and forever discharge the Releasees from any and all claims and causes of action — known or unknown — that were or could have been asserted in the Action or otherwise with respect to any Policy. As part of this Release, Plaintiff and each Class Member agree that they release, acquit and forever discharge Releasees from, and shall not now or hereinafter institute, maintain or assert against the Releas-ees, either directly or indirectly, derivatively, on their own behalf, on behalf of the Class, or any other person or entity, any and all causes of action, claims, damages, award, equitable, legal and/or administrative relief, interest, demands or rights ...
 

 |7The Final Order and Judgment also contained a Permanent Injunction, which provided in part:
 

 All Class Members who have not been timely excluded from the Class with respect to a Policy are hereby permanently barred and enjoined from (i) filing, commencing, prosecuting, maintaining, intervening in, participating, ... or receiving any benefits or other relief from, any other claim, lawsuit, arbitration, or administrative, regulatory or other proceeding or order in any jurisdiction based on, arising out of, or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this Action and/or the Released Transactions as to that Policy,....
 

 The Released Transactions referred to in the injunction were listed in Section B of the document. Further, Section B(3) provides the exceptions to the Release and Waiver, and states in part as follows:
 

 Nothing in this Release shall be deemed to alter: (a) a Class Member’s contractual rights under a Policy (except to the extent such rights are altered or affected under the Amended Settlement Agreement) to make a claim for benefits that will become payable in the future pursuant to the express terms of a Policy issued by Lincoln Life, or (g) a Class Member’s right to assert any claim which arises from facts and circumstances occurring in their entirety after the Court signs the Final Order and Judgment; provided, however, that this provision shall not entitle a Class Member to assert claims which relate to the allegations contained in the Action or to the matters described in Section B.
 

 In support of its exception of res judica-ta, Lincoln Life contends that plaintiffs’ allegations in the Florida complaint implicate the claims and causes of action asserted in the class action. As such, defendant argues that the allegations are barred by the Release and Waiver since all such allegations were before the court in the class action, and are based on, arise out of, and relate to the matters of the class action. With regard to the exception contained in Section B(3), Lincoln Life contends that it is ^inapplicable as plaintiffs’ claims asserted in the Florida case did not arise from facts and circumstances occurring in their entirety after May 17, 2001, the date of the judgment. Rather, defendant contends
 
 *152
 
 that plaintiffs rely on facts and circumstances that arose when the policy was converted in 1986.
 

 In their Amended Complaint filed in the federal court in Florida, plaintiffs address this issue and averred as follows:
 

 The issues raised in this Amended Complaint are distinguished and entirely different from those raised in the class Action petition. The instant action is based upon allegations that Defendant failed to effectuate the waiver of premium based on disability, to which Plaintiff Raven was entitled; wrongfully caused the insurance policy to lapse; failed to provide proper, effective and timely notice to Plaintiffs before causing the policy to be lapsed; and misrepresented the cash value of the policy to Plaintiff L. Raven — each issue being an independent cause of action which arose some time on or after June 9, 2002, and clearly after the May 17, 2001 cut-off date provide in the Class Action Final Judgment and Order.
 

 The aforesaid new issues, upon which this action is based, were not raised in, could not have been raised at the time, were not covered by the Class Action litigation, and were specifically excluded from the Release and Waiver which was incorporated in the Final Judgment and Order.
 

 Our review of the evidence contained in the record fails to support the trial court’s determination that the issues asserted in the amended complaint were barred by the Final Order in the class action. Although the trial court determined that the claims asserted in the amended complaint were “based on, arising out of, or relating to’ the claims released by the settlement,” we fail to find this to be the case.
 

 By the allegations in the Amended Complaint, plaintiffs state that the federal action arose after the Final Order was issued when they learned their policy had lapsed due to nonpayment of premiums. Further, although 1 ^defendant argues that some of the facts and circumstances of the federal action arose prior to the issuance of the Final Order, we fail to find that the claims asserted are therefore barred by the terms of the Release and Waiver. In fact, we find that the only apparent relationship between the present claims and the claims which were settled and released in 2001 are that they arose out of the subject policy. We conclude therefore that plaintiffs’ claims as asserted in their Amended Complaint in the federal court in Florida are not altered by the Release contained in the Final Order and Judgment, and are therefore not barred by the doctrine of res judicata.
 

 For the reasons stated herein, we find that the claims raised by plaintiffs in their Amended Complaint are
 
 not
 
 barred in whole or in part by the Class Action Settlement and the Release and Waiver as set forth in the Final Order and Judgment entered by the 24th Judicial District Court on May 17, 2001. Although we find no basis for the continuation of the stay order imposed by the federal court in Florida on February 28, 2008, nothing in this opinion shall be construed as a commentary on the merits of plaintiffs’ action in that court. The only matter within our jurisdiction is the judgment of the trial court on defendant’s exception, and all further matters should be addressed in the United States District Court for the Southern District of Florida.
 

 Accordingly, the judgment of the trial court sustaining defendant’s exception of res judicata is hereby reversed. Lincoln Life shall bear all costs of this appeal.
 

 REVERSED.