REL: 09/19/2014

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0649), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## SPECIAL TERM, 2014

––––––––––––––––––

### 1130530

––––––––––––––––––

**David Childers and Robert DeShawn Childers**

**v.**

**Leroy Darby**

**Appeal from Lauderdale Circuit Court**
**(CV-12-900223)**

STUART, Justice.

David Childers and Robert DeShawn Childers ("Shawn") appeal the Lauderdale Circuit Court's judgment quieting title in a certain piece of real property, on which is situated a house, in Leroy Darby. We reverse and remand.

1130530

## Facts and Procedural History

In August 2012, Darby filed a complaint to quiet title in certain real property, averring:

"1. This action is brought pursuant to the Code of Alabama, 1975, as amended, § 6-6-540, et seq., and 6-[6]-560, et seq.

"The Defendant land, in which a fee simple ownership interest is sought, is as follows:

"Beginning at a point on the East line of the Northeast 1/4 of the Northeast 1/4 of Section 9, Township 1 South, Range 12, which said point is 525 feet North of the Southeast corner thereof; thence West 210 feet; thence North 315 feet; thence East 210 feet to Section Line Road; thence South 315 feet to the point of beginning.

"2. [Darby] claims to have a fee simple title in or to the said land described hereinabove.

"3. The land that is subject to this complaint was obtained by [Darby] through THE PROBATE COURT OF LAUDERDALE COUNTY, ALABAMA to [Darby] at Tax Sale dated May 5, 2009.

"4. Thereafter upon application to the State Land Commissioner of the State of Alabama by [Darby], a deed was proffered to [Darby] on May 8, 2012, the STATE OF ALABAMA proffered to [Darby] a deed to said parcel recorded in the office of the Judge of Probate of Lauderdale County, Alabama and recorded on RLPY 2012, PAGE 20142.

"5. [Darby] has made a party or parties to this complaint, all persons against whom [Darby] claims title to said lands through their statutory rights of redemption, those being:

2

"A.  BARBARA E. HOLLIS, address unknown.[1]

"B.  SHAWN CHILDERS, ---- County Road 141, Florence, AL 35633.

"C.  A, B, C, AND ALL OTHER PERSONS OR ENTITIES CLAIMING ANY PRESENT, FUTURE, CONTINGENT, REMAINDER OR OTHER INTEREST IN THE DEFENDANT LANDS DESCRIBED HEREINABOVE, WHERE TRUE NAME IS UNKNOWN TO THE PLAINTIFF AT THE PRESENT TIME BUT WHICH WILL BE ADDED HERETO BY AMENDMENT WHEN ASCERTAINED.

"6.  The only person who is known to [Darby] who has had physical possession of said lands, or any part thereof since the decree of sale in May 5, 2009, other than [Darby], is the defendant, SHAWN CHILDERS. [Darby], by and through his attorney of record, James Q. Stanphill, Jr., sent SHAWN CHILDERS, a written demand for possession of the property dated June 20, 2012. [Childers] received the notice via certified mail on June 28, 2012.

"7.  All persons who have at any time within 10 years next preceding the filing of this complaint assesses [sic] or paid any taxes upon said lands or any interest therein are:

"A.  LEROY DARBY

"B.  BARBARA E. HOLLIS

"8.  The age, address or legal competency of defendant BARBARA E. HOLLIS is unknown to [Darby]. It is believed to be, but unknown to [Darby], that [Hollis] is, at the time of the filing of this complaint, deceased. The Defendant, SHAWN CHILDERS, is over the age of 19 years old, residing at ----

---

[1]The recorded deed for the real property at issue named Hollis as the owner of the property.

1130530

County Road 141, Florence, AL 35633, and of legal competency. The age, address or legal competency of any other of the hereinabove persons is unknown to [Darby].

"....

"WHEREFORE FROM THE ABOVE STATED PREMISES, [Darby] requests that this Honorable Court take jurisdiction over this cause of action and issue all orders, notices, demand all publications and take all such other actions necessary so as to set a date for hearing to quiet title to the above described property into [Darby]."

(Capitalization in original.) The complaint was subsequently amended to name Martha Creasy, Leslie Creasy's widow, and their children -- Tina Creasy, Robert Creasy, and Roy Creasy -- as defendants.[2]

Shawn answered the complaint. A trial was conducted on two separate days. After the first day, the trial court entered the following order:

"This cause came before the Court on complaint to quiet title, Defendants Barbara Hollis, Martha Creasy, Tina Creasy, Robert Creasy, and Roy Creasy were served by publication but failed to appear. Defendant Robert DeShawn Childers did appear pro se.

"[Darby] presented evidence from Clint Wilkes, an abstractor, that the title to the property in

_____

[2]A title search established that Hollis had been deeded the property by Martha Creasy, who had inherited the property at her husband's death.

4

question, according to the courthouse records, is vested in Barbara Hollis subject to a tax lien and tax deed in favor of Leroy Darby. [Darby] testified that he bought the property at a tax sale in March 2009. He has driven by the property but has never been on the property. To his knowledge the house located on the property is occupied by [Shawn] whose name appears nowhere in the title records. No one has ever made any effort to redeem the property.

"[Darby] rested his case and the court allowed [Shawn] to testify in his own behalf.[3] [Shawn] claimed that his father, who is now age 85, bought the property at a foreclosure sale in 1995 although he had no firsthand knowledge of this fact. He was unable to tell the court from whom it was purchased. [Shawn] further claimed that on a previous occasion a person tried to evict him from the property claiming they had bought the land at a tax sale but a circuit judge in this circuit ruled the tax deed was invalid. He was unable to tell the court the names of the litigants, the court case number, or the time frame for such suit.

"[Shawn] requested additional time to gather his evidence. Motion granted. The balance of this case is continued ... for [Shawn] to present any evidence he has of his claim to title."

Shawn retained counsel and moved the trial court, pursuant to Rule 19, Ala. R. Civ. P., to join David Childers, his father, as a defendant in the action. The trial court granted the motion, and David was added as a party to the action.

---

[3]Shawn testified that he had resided on the property since 2000.

On December 3, 2013, the trial resumed. The trial court admitted into evidence the deposition of David, who testified that, at a foreclosure sale in 1995, he had purchased the real property at issue, which consisted of 2.7 acres and on which was situated a two-bedroom house with various outbuildings. He stated that he had repaired the house, had cleaned up the yard, and had used the surrounding land to train his horses from 1995 through 2003 or 2004. He explained that he had filed a deed reflecting his ownership of the property but that he had never paid taxes on the property because he had been informed by the "tax office" that he was exempt from taxes because he was 65 years old and totally disabled. According to David, his son Shawn has lived on the property since 2000. In support of his testimony, David presented a statement from the Florence Utilities Department indicating that in 1995 electricity had been connected to the house in his name and that the account for electrical service to the house has remained in his name.

Evidence was also presented indicating that the deed filed by David was not for the property at issue but for an adjoining one-acre lot. A copy of a quitclaim deed from

Martha Creasy and one of her sons transferring the one-acre lot adjoining the property at issue to David was admitted into evidence. Additionally, a mortgage-foreclosure deed indicating that the one-acre lot owned by David had been foreclosed on in 2004 was admitted into evidence, and additional evidence was admitted indicating that that property had subsequently been sold several times.

After considering the testimony and other evidence, the trial court quieted title in the real property, including the house, in Darby. Shawn and David moved for a new trial or, in the alternative, to alter, amend, or vacate the judgment, arguing, among other grounds, that the trial court had erred in quieting title in Darby because, they asserted, the evidence did not establish that Darby was in peaceable possession of the property. The trial court denied the motion, and Shawn and David appealed.

## Standard of Review

"In an action to quiet title, when the trial court hears evidence ore tenus, its judgment will be upheld unless it is palpably wrong or manifestly unjust. Mid-State Homes, Inc. v. King, 287 Ala. 180, 249 So. 2d 836 (1971); and Webb v. Griffin, 243 Ala. 468, 10 So. 2d 458 (1942). However, the presumption of correctness does not attach to a trial court's conclusions of law. Cullman

7

> Wholesale, Inc. v. Simmons, 592 So. 2d 1031, 1034-35
> (Ala. 1992); Gaston v. Ames, 514 So. 2d 877, 878
> (Ala. 1987); Smith v. Style Adver., Inc., 470 So. 2d
> 1194 (Ala. 1985); and League v. McDonald, 355 So. 2d
> 695 (Ala. 1978)."

Woodland Grove Baptist Church v. Woodland Grove Cmty. Cemetery Ass'n, 947 So. 2d 1031, 1036 (Ala. 2006).

## Analysis

First, Shawn and David maintain that the complaint filed by Darby did not satisfy the statutory pleading requirements to invoke the trial court's jurisdiction over a quiet-title action. They contend that the complaint is deficient because Darby did not aver specifically that he was in peaceable possession of the real property.

Section 6-6-540, Ala. Code 1975, provides:

> "When any person is in peaceable possession of lands, whether actual or constructive, claiming to own the same, in his own right or as personal representative or guardian, and his title thereto, or any part thereof, is denied or disputed or any other person claims or is reputed to own the same, any part thereof, or any interest therein or to hold any lien or encumbrance thereon and no action is pending to enforce or test the validity of such title, claim, or encumbrance, such person or his personal representative or guardian, so in possession, may commence an action to settle the title to such lands and to clear up all doubts or disputes concerning the same."

8

Rule 8, Ala. R. Civ. P., provides that a complaint is sufficient if it puts a defendant on notice of the claims asserted against him or her. A rule or statute, however, may qualify the rule of generalized notice pleading. Bethel v. Thorn, 757 So. 2d 1154, 1158 (Ala. 1999). Section 6-6-541, Ala. Code 1975, sets forth the required contents of a complaint in a quiet-title action, stating:

> "The complaint authorized by Section 6-6-540 must describe the lands with certainty, must allege the possession and ownership of the plaintiff and that the defendant claims, or is reputed to claim, some right, title, or interest in, or encumbrance upon, such lands and must call upon him to set forth and specify his title, claim, interest, or encumbrance and how and by what instrument the same is derived and created."

In this case, although Darby did not include the term "peaceable possession" in his complaint, the complaint on its face satisfied the statutory requirements for pleading a quiet-title action. In the complaint, Darby identified the statute, § 6-6-540, Ala. Code 1975, pursuant to which his action was filed and alleged facts demonstrating his possession of the property. Darby included a legal description of the property, stated that he had purchased the property through a tax sale conducted by the Lauderdale

Probate Court in 2009, stated that he had obtained from the State a deed to the property in May 2012, identified the parties that might have claim to the property through their statutory rights of redemption, identified Shawn as the only person to his knowledge who had had physical possession of the property, and requested that the trial court conduct a hearing to quiet title to the property. Those averments by Darby satisfy the requirements of Rule 8, Ala. R. Civ. P., and § 6-6-541, Ala. Code 1975, for pleading a quiet-title action.

Next, Shawn and David contend that the trial court erred in quieting title in Darby because, they say, the evidence does not support the trial court's finding that Darby was in peaceable possession of the property, as required by § 6-6-540, at the time he filed his quiet-title action. Specifically, Shawn and David maintain that because Shawn was in actual possession of the property at the time Darby filed his complaint, Darby was not in peaceable possession of the property.

To establish a prima facie case in a quiet-title action, the plaintiff must prove that he or she is in peaceable possession of the real property. § 6-6-540. "[W]hat

10

constitutes peaceable possession ... must be left for determination on the facts of each particular case." Webb v. Griffin, 243 Ala. 468, 471, 10 So. 2d 458, 460 (1942).

The term "peaceable possession" was defined as follows in George E. Wood Lumber Co. v. Williams, 157 Ala. 73, 76-77, 47 So. 202, 203 (1908):

> "So the question arises, what is peaceable possession?   It cannot mean that it is peaceable unless there be some legal proceeding in progress to test the title or right to possession; for the object of the statute is to allow the party who is in possession, and who cannot force the adversary claimant to institute any proceeding, to bring said party into court in order to determine whether he has any just claim to the property.   The word 'peaceable,' then, refers to the character of his possession.   So long as his possession is so clear that no one is denying the fact of his actual or constructive possession, it is peaceable, although some other person may be denying his right to possession."

In Southern Railway Co. v. Hall, 145 Ala. 224, 226-27, 41 So. 135, 136 (1906), this Court explained that peaceable possession may be either actual and constructive, stating:

> "The word peaceable in connection with the word possession is used 'as contradistinguished from disputed or contested possession, and that it should be under claim of ownership.' Adler v. Sullivan, 115 Ala. 58[2], 22 So. 87 [(1897)].

> "'Actual possession, or possession in fact, exists when the thing is in the immediate occupancy

11

of the party, or his agent or tenant,' is synonymous with <u>pedis possessio</u>. 28 Am. & Eng. Ency. Law, (2d Ed.) 238.

"'Constructive possession, a possession in law, it is sometimes called, is that possession which the law annexes to the legal title or ownership of property, when there is a right to the immediate actual possession of such property, but no actual possession.' [<u>Id.</u> at] 239.

"'When one has a legal estate in fee in land, he has the constructive possession, unless there is an actual possession in some one else.' It is founded on the existence of title, in some form. [<u>Id.</u>]"

With regard to constructive possession, a person demonstrates that he or she is in constructive possession of real property if he or she has a legal estate in fee in the real property and no one is in actual possession of the property. <u>Hinds v. Slack</u>, 293 Ala. 25, 299 So. 2d 717 (1974); <u>Barry v. Thomas</u>, 273 Ala. 527, 142 So. 2d 918 (1962); and <u>George E. Wood Lumber Co. v. Williams</u>, supra.

A review of the evidence establishes that the trial court erred in quieting title in Darby because the evidence does not establish that Darby was in peaceable possession of the property. Darby's testimony that he had only driven past the property several times but had never walked the property or obtained actual possession of the property established that he

1130530

was not in actual possession of the property. The evidence further established that, although Darby had legal title to the property, Shawn was living on the property. Therefore, because Shawn was in actual possession of the property, the evidence did not establish that Darby had constructive possession of the property. Southern Ry. v. Hall, supra.

Because the evidence does not demonstrate that Darby had either actual or constructive peaceable possession of the property and because title may not be quieted in one who does not have peaceable possession, the trial court erred in quieting title in Darby. Dennison v. Claiborne, 289 Ala. 69, 265 So. 2d 853 (1972); and Chestang v. Tensaw Land & Timber Co., 273 Ala. 8, 134 So. 2d 159 (1961).

Darby also filed his action pursuant to § 6-6-560, Ala. Code 1975; however, he cannot satisfy the requirements of that statute either.

Section 6-6-560 provides:

"When any person, natural or artificial, claims, either in his own right or in any representative capacity whatsoever, to own any lands or any interest therein, and is in the actual, peaceable possession of the land, or if neither he nor any other person is in the actual possession of the lands and he holds, and has held, color of title to the lands, or interest so claimed, for a period of

13

10 or more consecutive years next preceding and has paid taxes on the lands or interest during the whole of such period, or if he, together with those through whom he claims, has held color of title and paid taxes on the land or interest so claimed during the whole of such period of time, or if he and those through whom he claims have paid taxes during the whole of such period of 10 years on the lands or interest claimed and no other person has paid taxes thereon during any part of said period, he may, if no action is pending to test his title to, interest in or his right to the possession of such lands, file a verified complaint in the circuit court of the county in which such lands lie against said lands and any and all persons claiming, or reputed to claim, any title to, interest in, lien, or encumbrance on said lands, or any part thereof, to establish the right or title to such lands or interest and to clear up all doubts or disputes concerning the same."

Section 6-6-560 is applicable when either the plaintiff is in actual peaceable possession of the property or no one is in actual possession of the property. Fitts v. Alexander, 277 Ala. 372, 375, 170 So. 2d 808, 810 (1965). Here, the evidence established that Darby was not in actual possession of the property and that Shawn was in actual possession of the property; therefore, Darby's evidence did not establish a prima facie case under § 6-6-560, and Darby is not entitled to title being quieted in him under that statute.

Lastly, this Court recognizes that if a defendant has answered a plaintiff's quiet-title action and the evidence

14

shows that the defendant has the better title and has peaceable possession, then a trial court has the authority to quiet title in the defendant. Chestang v. Tensaw Land & Timber Co., 273 Ala. at 18, 134 So. 2d at 169. A review of the record, however, does not establish that either Shawn or David has peaceable possession of the property or that either Shawn or David had acquired title to the property by adverse possession, see Cagle v. Hammond, 51 So. 3d 150 (Ala. Civ. App. 2010); therefore, the record does not support a judgment quieting title in either Shawn or David.

Conclusion

Based on the foregoing, the judgment of the trial court is reversed and the case is remanded.

REVERSED AND REMANDED.

Parker and Wise, JJ., concur.

Moore, C.J., concurs specially.

Shaw, J., concurs in the result.

1130530

MOORE, Chief Justice (concurring specially).

I concur with the holding in the main opinion that Leroy Darby's quiet-title action fails based on his lack of peaceable possession of the property at issue. I note that, in a case such as this, when a party has legal title to a property, but another person is in actual possession, the person claiming title may bring "an action in the nature of an action of ejectment." § 6-6-280(a), Ala. Code 1975. The complaint in such an action "for the recovery of land or the possession thereof ... is sufficient if it alleges that the plaintiff was possessed of the premises or has the legal title thereto ...." § 6-6-280(b), Ala. Code 1975 (emphasis added).

"In a statutory action in the nature of ejectment a plaintiff may recover by showing legal title to the premises sued for at the time of the commencement of the suit and the right to immediate possession." Atlas Subsidiaries of Florida, Inc. v. Kornegay, 288 Ala. 599, 601, 264 So. 2d 158, 161 (1972). "Ejectment is a favored action for the trial of title to land." Kelley v. Mashburn, 286 Ala. 7, 9, 236 So. 2d 326, 327 (1970).

16